[OCTOBER TERM, 1913.]

## BROWN v. BROWN.
### (No. 748.)

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ACTION FOR—COUN-
SEL FEES—ALLOWANCE BY SUPREME COURT—JURISDICTION.

1. In an action brought under Section 3937, Compiled Statutes, 1910, to compel a husband to provide support for his wife it is competent for the court to allow counsel fees to the wife, notwithstanding that the statute does not expressly provide for such allowance; and it is competent and proper for the supreme court to allow the wife counsel

fees to enable her to defend a proceeding in error brought by the husband to reverse a judgment in such action in her favor.

2. Considering the amount of the judgment and the ability of the plaintiff in error to respond, an allowance of $250 as counsel fees to enable the wife to defend a proceeding in error held to be sufficient and reasonable.

[Decided Oct. 27, 1913.]                    (135 Pac. 801.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMLEE, Judge.

The proceeding was brought by Ethel Brown against Robert E. Brown, for separate maintenance. There was a judgment for the plaintiff and defendant brought error. Heard on motion of the defendant in error for counsel fees and temporary alimony pending the proceeding in error.

*Enterline & LaFleiche,* for defendant in error, in support of the motion.

It is shown that the defendant has not contributed to the support of his wife since January 22, 1912, except the sum of $50, and that she has been compelled since that time to support herself as well as the minor child of the parties. It seems to be uniformly held that even in the absence of a statute a wife may bring an action against her husband for separate maintenance, and that in such an action the court may, in addition to making an allowance for her support, require the husband to pay reasonable counsel fees and suit money. (Edgerton v. Edgerton, 12 Mont. 122; 29 Pac. 966; Cochran v. Cochran, 42 Neb. 612; 60 N. W. 942; Milliron v. Milliron, 9 S. D. 179, 68 N. W. 286; Gilpin v. Gilpin, 12 Colo. 504; 21 Pac. 612; Simpson v. Simpson, 91 Ia. 235, 59 N. W. 222; Finn v. Finn, 62 Ia. 482, 17 N. W. 739; Brindley v. Brindley, 118 Ala. 474, 22 Atl. 448; Couples v. Couples, 31 Colo. 443, 72 Pac. 1056; Dye v. Dye, 9 Colo. App. 320, 48 Pac. 313; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122; Hoon v. Hoon, 82 Neb. 688, 118 N. W. 563).

Under Section 3937, Comp. Stat. 1910, an action may be maintained by the wife, either when the parties are living separate and apart or living together, and the husband fails and neglects to contribute to the wife's support. Therefore, it seems that a wife is entitled to support without regard to the cause of separation. It clearly appears in the case at bar that the separation was caused by the misconduct of the husband, though that we think is immaterial. She had a right to maintain the action, although considered a non-resident of the State. And in such a proceeding authorized by the statute she should be allowed a reasonable sum for counsel fees. (Bueter v. Bueter, (S. D.) 45 N. W. 208; Pollock v. Pollock, 7 S. D. 331, 64 N. W. 165). The true rule is that although the statute makes no provision for temporary alimony as an incident to an action for separate maintenance where no decree for divorce is asked, a court of equity may in a proper case compel the husband to maintain the wife and provide suit money to enable her to prosecute the action. (Livingston v. Superior Court, 117 Cal. 633, 49 Pac. 836; Lesh v. Lesh, 21 App. D. C. 475; Long v. Long, 78 Mo. App. 32). It has been held that this court is authorized to allow attorney's fees and temporary alimony pending a proceding in error in a divorce case. (Duxstad v. Duxstad, 16 Wyo. 396.) And the authorities seem to make no distinction between actions for divorce and suits and proceedings for separate maintenance in the allowance ot temporary alimony, suit money and counsel fees.

*Camplin & O'Marr,* for plaintiff in error, *contra.*

There being no divorce action pending between the parties temporary alimony is not allowable. Our statute on the subject of support is similar to statutes in other States. The judge is given discretion by the statute (Sec. 3937, Comp. Stat. 1910) to require the husband, by order, to pay a sum necessary for the wife's support and for the support of the children of the parties, or either, but there the power of the court or judge ends. It does not include support *pendente*

*lite,* counsel fees or suit money.   No· order in the premises can be made until after the hearing, and whatever allowance for support is to be made can only be made after a hearing and determination.   If the court below has no jurisdiction to grant an order for the payment of any money in the way of support, expenses, or counsel fees, prior to determining the matter of support presented by the action, it would seem to follow that the Supreme Court cannot grant the present application.   (Therkelson v. Therkelson, 54 Pac. 885).   Had the Legislature intended otherwise it would no doubt have so provided.   The jurisdiction of this court is limited to a review of the questions before the lower court.   In a proceeding such as this the wife must allege and prove that the separation of the parties is without her fault, and that the husband's failure to contribute to her support has not been caused by any fault of hers.   (Fowler v. Fowler, (Ore.) 49 Pac. 589).

A sufficient reason for the failure of the statute to provide for support *pendente lite* in a proceeding for separate maintenance is that courts look with disfavor upon the separation of husband and wife and will rather adopt means to encourage a reconciliation than to make orders calculated to cause a continuance of the separation.   (Kusel v. Kusel, (Cal.) 81 Pac. 295.) · The statute on the subject of an action for support without divorce provides a special proceeding and one independent of the statutes regulating divorce.   (Therkelson v. Therkelson, *supra;*   State v. Superior Court, (Wash.) 104 Pac. 771).   The statute is in derogation of the common law and is to be strictly construed.   (15 Curr. Law, 2361).   The motion and application should be denied for the further reason that the issues of fact were tried, and the judgment rendered, by the court commissioner instead of the court, and in so doing the commissioner exceeded the power conferred upon the judge in the premises, as well as the power of the court itself in rendering the judgment.   (Huhn v. Quinn, (Wyo.)· 128 Pac. 514;  Kusel v. Kusel, *supra,* Sheppard v. Sheppard, 115 Pac. 751;  Clisby v. Clisby, 49

So. 445; Bose v. Bose, (Cal.) 111 Pac. 258; 134 Mo. App. 278; 114 S. W. 584; 81 Pac. 295).

SCOTT, CHIEF JUSTICE.

The parties hereto are husband and wife and the latter brought an action in the District Court of Sheridan county against her husband for separate maintenance under the provisions of section 3937 of the Compiled Statutes of 1910, which is as follows:

"When the husband and wife are living separately, or when they are living together, but the husband failing and neglecting to contribute to the support of the wife and children, or either, and no proceeding for divorce is pending the wife may in behalf of herself or minor children, if any or either, institute a proceeding by petition setting forth fully her case and upon five days' notice to the husband, if he can be served personally with notice in the state, the judge may hear the same in term or vacation, and grant such order concerning the support of the wife and children or either, as he might grant, were it based on a pending proceeding for divorce, to be enforced in the same manner, together with any remedy applicable in a court of equity, such as appointing a receiver and the like. In case the husband cannot be personally served with process within this state, but has property within the jurisdiction of the court, or debts owing to him, the court or judge in vacation may order such constructive service as shall appear sufficient and proper and may cause a sequestration or attachment of said property and upon completion of said constructive service as ordered shall have the same power to act as if personal service was had." Such proceedings were had therein that upon issue joined and trial thereon the court rendered judgment for the wife for separate maintenance in a fixed amount, to-wit: the sum of $1,500, allowing $100 for expense in attending said trial and $250 for attorney's fees, together with costs. The husband (defendant there) moved for a new trial which was submitted to the court and overruled, whereupon he gave a

stay bond in the sum of $4,000, and brought the case here on error.

After the petition in error was filed in this court and service of summons in error duly served and returned the wife (defendant in error) filed her motion in this court: "That a citation and order to show cause be made and entered in this court, directed to Robert E. Brown, the plaintiff in error, and his counsel, Messrs. Camplin & O'Marr, commanding them to be and appear before this court at a time certain, then and there to show cause why an order should not be made and entered in this court requiring and compelling the said Robert E. Brown, plaintiff in error, to pay to Ethel Brown, the defendant in error, a reasonable sum of money for temporary alimony, *pendente lite,* and a reasonable sum of money to her counsel, Messrs. Enterline & LaFleiche, for attorneys' fees in this court, and a reasonable sum of money for expenses incurred in traveling to and from this court, and in attendance thereon in this application and the final hearing to be had on the appeal." This motion was supported by affidavits to the effect that she was without means to procure the services of attorneys or to pay for her support or suit money in the matter of and pending said appeal. The citation was issued, duly served and return thereto supported by affidavits was duly made and the case is now here for hearing upon such motion.

It was held by this court in an action for divorce upon an original application of the wife for an allowance to enable her to further prosecute the proceedings in error (Duxstad v. Duxstad, 16 Wyo. 396, 403, 94 Pac. 463, 464, 15 Ann. Cas. 228), that "by the great weight of authority this court in the exercise of its appellate jurisdiction may consider the motion, and make such order in the premises as may be deemed advisable." This power was held to exist under the provisions of Sec. 2, Art. V of the Constitution, giving this court "general superintending control" over inferior courts and the provision of Section 3 of the same article providing that the Supreme Court shall have

power to issue writs of review and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. The only difference between the Duxstad case and the one here is that the former was an action for divorce and the latter is for separate mainte- nance. It will be observed that section 3937 *supra,* pro- vides a summary method of compelling a derelict husband to perform his duty to his wife, or his wife and minor chil- dren in the matter of contributing to her or their support. While the section is silent as to the authority of the trial court to allow attorney's fees in such case we held in the Duxstad case after a review of the cases there referred to, the right to make such allowance as well as suit money and alimony *pendente lite* existed independent of the statute which was only confirmatory of the common law. In prin- ciple the question is the same, and in order that justice may be done and this court may reach a just decision it should and ought to have the assistance of counsel to properly pre- sent the wife's side of the case in the proceedings in error. We think $250 for preparing the brief and attending to the case in this court amply sufficient, considering the amount of the judgment, and the ability of the plaintiff in error to respond as disclosed by the affidavits here presented. The question as to whether the wife could maintain her suit for separate maintenance is before this court for review in the proceeding in error. No application was made in the court below for alimony pending proceedings in error, although at the time of the rendition of the judgment notice was given in that court that the defendant intended to appeal to this court and for that purpose requested, and the court fixed the amount of the stay bond which was given— and further, the affidavits show that the wife is employed at a sufficient compensation to maintain her until the final disposition of the case, to which time further consideration of the question of her right to alimony *pendente lite* is post- poned.

BEARD, J., concurs.

POTTER, J., being ill, took no part in this opinion.