## BROWN v. BROWN.
### (No. 748.)

HUSBAND AND WIFE—SEPARATE MAINTENANCE—APPEAL—ORDER TO PAY COUNSEL FEES—FAILURE TO COMPLY—REMEDY—CONTEMPT—DISMISSAL OF APPEAL.

1. A party cannot refuse to obey the lawful order of a court and expect relief at the hands of the court.

2. While the supreme court may, in a proper case, enforce its orders by citation and punishment as for contempt, the more effective and proper remedy is a motion to dismiss the proceeding in error, where a husband, as plaintiff in error, is seeking the reversal of a judgment against him in an action for separate maintenance, and has failed to comply with an order of the supreme court requiring the payment of a reasonable sum as attorneys' fees to enable the wife to be represented in the supreme court in defense of the proceeding in error.

[Decided May 15, 1914.]        (140 Pac. 829.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The action was brought by Ethel Brown against Robert E. Brown for separate maintenance, and from a judgment in favor of the plaintiff the defendant brought error. An order having been made by the Supreme Court for the payment by the plaintiff in error of the sum of $250 as attorney's fees to enable the defendant to procure the services of counsel in preparing briefs and representing her in the Supreme Court, and plaintiff in error having failed to comply with the order, an application was made on behalf of defendant in error for a citation requiring the plaintiff in error to show cause why he should not be punished for contempt for failing to comply with such order. The hearing was upon that application.

*Camplin & O'Marr,* for plaintiff in error.

*Enterline & LaFleiche,* for defendant in error.

Scott, Chief Justice

This case was formerly before this court on an application by the defendant in error for an allowance of attorney's fees for preparing her brief and representing her in this court. (Ante, p. 92; 135 Pac. 801). Upon consideration we allowed attorney's fees in the sum of $250 for that purpose. The case is now here upon a showing by affidavits that plaintiff in error has failed to comply with such order and an application for an order citing him before this court to show cause, if any there be, why he should not be punished as for contempt in failing to comply with such order. We think it unnecessary to review the affidavits in support and the counter affidavits in opposition submitted upon the hearing of this application other than to say that it sufficiently appears therefrom that the order has not been complied with and no good reason is shown for the failure of plaintiff in that respect. We think the allowance for attorney's fees was reasonable in amount and it will be observed that the plaintiff in error is the one who is in default. The defendant in error seeks no affirmative relief in the proceeding in error in this court as to the judgment. Upon the showing when the allowance was made and upon the hearing here she was and is without means to pay a reasonable attorney's fee for the services of her attorneys in preparing and filing a brief and appearing in this court on her behalf to properly defend such judgment. No brief has been filed in her behalf in this court while plaintiff's brief has been on file for a year.

While the method of enforcing its orders by citation and punishment as for contempt may in a proper case be resorted to in this court, yet upon the facts here there is in our judgment a more effective remedy. The plaintiff in error is guilty, if at all, of a civil but not a criminal contempt. He has failed without excuse to comply with the order of this court, and by his petition in error is seeking affirmative relief at the hands of this court. It is elementary that such conduct is not favored. One cannot refuse to obey the lawful order of a court and expect relief at the

hands of the court. This rule is a salutary one and has been often applied by the courts. (Casteel v. Casteel, 38 Ark. 477; Peel v. Peel, 50 Ia. 521; McClung v. McClung, 40 Mich. 493; Waters v. Waters, 49 Mo. 385; Zimmerman v. Zimmerman, 7 Mont. 114, 14 Pac. 665; Walker v. Walker, 82 N. Y. 260; Williams v. Williams, 6 S. D. 284, 61 N. W. 38). The motion for a citation to issue as prayed is refused, but this court is of the opinion that if the order remains uncomplied with on June first next, to-wit: June 1, 1914, then a showing to that effect will support a motion to dismiss the proceedings in error.

POTTER, J., and BEARD, J., concur.