## HANSING v. HANSING.

No. 10082—Opinion Filed Sept. 23, 1919.

(Syllabus by the Court.)

**Divorce—Alimony on Appeal—Contempt—Dismissal.**

In an appeal to review a judgment decreeing divorce and awarding permanent alimony, the Supreme Court has authority to enforce the payment of temporary alimony pending appeal, and on failure to make payment as directed by the court, plaintiff in error may, after being given an opportunity to be heard, be adjudged in contempt and may be punished therefor as provided by the laws of Oklahoma, and such punishment may include the dismissal of his appeal.

Error from District Court, Noble County; W. M. Bowles, Judge.

Action for divorce and alimony by Anna Hansing against Harry C. Hansing. From judgment for plaintiff, the defendant brings error. Dismissed.

Johnston, Robinson & Rice, for plaintiff in error.

H. A. Johnson, for defendant in error.

PITCHFORD, J. This is an appeal from a decree of the district court of Noble county, granting defendant in error a divorce and $1,650 permanent alimony, and pending appeal, $25 per month, temporary alimony. On July 30, 1918, this court made an order directing plaintiff in error to pay $50 per month temporary alimony pending appeal, beginning August 1, 1918, payable on the first of each month; $150 at-

torney's fees, $40 suit money and $125 temporary alimony due under order of the district court; payment of suit money, one-half of attorney's fee and one-half accumulated alimony to be paid on or before September 1, 1918; and payment of balance not later than October 1, 1918; payment to be made to the clerk of said district court for disbursement.

Plaintiff in error made a first payment of $50, as directed on August 1, 1918, and upon failure to make further payments, application was filed by defendant in error for order to show cause why plaintiff in error should not be punished for contempt. Hearing was had and an answer was filed alleging inability to pay on account of crop failures, mortgages and other indebtedness against plaintiff in error's property, and illness of himself and children. This answer is supported by affidavits of other persons familiar with plaintiff in error and his business and family affairs, but the allegations therein as to his ability to pay are generally denied by defendant in error.

A party appealing from a judgment of a district court awarding divorce and permanent alimony must assume the burden of paying temporary alimony pendente lite when so ordered by the court. Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202; Kostacheck v. Kostacheck, 40 Okla. 744, 124 Pac. 761; Hartshorne v. Hartshorne, 67 Oklahoma, 155 Pac. 508; Spradling v. Spradling, 74 Oklahoma, 181 Pac. 148. Judgment is therefore here rendered in favor of Anna Hansing, defendant in error, against the plaintiff in error, Harry Hansing, for the sum of $600 as alimony from the 1st day of September, 1918, $125 attorney's fee and $40 suit money, total $765, for which let execution issue.

Plaintiff in error's disregard for the orders of this court at the time when he is prosecuting an appeal constitutes ground for dismissal of the appeal, and although mitigating circumstances have been shown for failure to comply therewith, he is nevertheless in indirect contempt of this court, and, having been given an opportunity to be heard thereon, may be penalized therefor.

Plaintiff in error, being in contempt for failure to comply with the order of this court, may be punished as provided by the laws of the state of Oklahoma, and such punishment may include the dismissal of the appeal. Spradling v. Spradling, supra. For the reasons stated, therefore, the appeal is hereby dismissed.

All the Justices concur, except HARRISON, J., absent and not participating.