## HOOD v. HANCOCK.

No. 9914—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

### Appeal and Error—Failure to Comply With Rules—Dismissal.

When plaintiff in error fails or refuses to comply with the lawful and reasonable orders of this court, or offers any reasonable excuse for failure so to do, such appeal may be dismissed.

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action by C. H. Hancock against C. O. Hood. Judgment for plaintiff, and defendant brings error. Dismissed.

David B. Crewson, for plaintiff in error.

Benjamin C. Conner, Horace H. Hagan, and H. L. S. Halley, for defendant in error.

BAILEY, J. This action was instituted by defendant in error, plaintiff below, to recover the possession of certain office rooms in the city of Tulsa. From a judgment for defendant in error, plaintiff in error prosecutes this appeal.

On May 25, 1920, upon the motion of the defendant in error, this court made and entered an order requiring plaintiff in error to execute an additional supersedeas bond in the sum of $1,000, the same to be approved by the court clerk of Tulsa county, and to be filed in this court within 30 days from the date of said order. Plaintiff in error having failed to comply with such order, on August 11, 1920, motion was filed in this court praying that the appeal of said plaintiff in error be dismissed. On August 28, 1920, counsel for plaintiff in error filed his motion requesting additional time within which to file said bond, alleging, in substance

that such attorneys were without knowledge as to the location and whereabouts of the plaintiff in error. The cause was duly assigned and submitted at the October term of this court, but said additional bond has not been filed, nor has any reason been suggested to this court why such bond has not been filed. In Spradling v. Spradling, 74 Oklahoma, 181 Pac. 148, it is said:

"On the contrary, plaintiff is an actor invoking the jurisdiction of this court, seeking affirmative, progressive relief, while for 17 months he has refused, and is still refusing to comply with its lawful and reasonable orders. * * * This court has been at all times open to plaintiff in error for consideration of his appeal when he complied with its orders properly made in the progress thereof; but he may not rightfully insist upon an award of affirmative relief while willfully disregarding the rules of practice, reasonable orders, and methods of procedure made and adopted by this court." Hansing v. Hansing, 76 Okla. 34, 183 Pac. 978.

This court has inherent power to enforce any reasonable and lawful order by proper and lawful means, and while punishment for contempt may in a proper case be resorted to, yet, when a plaintiff in error has failed without excuse to comply with a proper order of this court, and by his petition in error is seeking affirmative relief at the hands of this court, such action will support a motion to dismiss the proceedings in error. The order of the court requiring additional bond being a valid one, and no reasonable excuse having been presented for the failure to comply with the order made, the motion to dismiss is sustained.

All the Justices concur.