## NORMAN v. NORMAN.

No. 12719—Opinion Filed June 6, 1922.

(Syllabus.)

**1. Appeal and Error—Dismissal—Response to Motion—Requisites.**

When a motion by defendant in error has been filed in this court to dismiss an appeal because the plaintiff in error has failed to comply with the orders of this court, and this court has granted plaintiff in error time in which to respond to such motion, it is the duty of such respondent to set up in his response a concise statement of any existing facts that would constitute a legal defense to such motion to dismiss.

**2. Same—Insufficiency of Response.**

Where the plaintiff in error files a response and fails to state facts which show that he has complied with the order of the court complained of, or fails to state facts which constitute a legal defense for his failure to comply with the order complained of, this court may sustain such motion and dismiss the appeal.

**3. Same—Judgment on Supersedeas Bond.**

When on application of plaintiff in error to this court, he is granted a supersedeas and one of the conditions of such supersedeas bond is that the plaintiff in error will do and perform the things which he may be ordered to do and perform by this court, and such plaintiff in error fails to pay certain money to the defendant in error pending the appeal and, by reason of such failure to pay said sums of money, the appeal is dismissed, it is the duty of this court to render judgment against the sureties on such supersedeas bond.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Application by Maude E. Norman for citation in contempt proceeding against Robert S. Norman for failure to comply with the former orders of the trial court in the payment of money for the support of their minor children. Citation issued. Verdict against Robert S. Norman finding him guilty of indirect contempt. Judgment on the verdict committing him to the county jail of Creek County. Robert S. Norman appeals. Appeal dismissed for failure to comply with the orders of this court, and judgment affirmed.

Preston S. Davis, for plaintiff in error.

Albertson & Blakemore, for defendant in error.

### Statement of Facts.

On March 29, 1918, Robert S. Norman filed a petition in the superior court of Creek county praying for a decree of divorce against his wife, Maude E. Norman. Issues were joined, and on June 19, 1918, a trial was had which resulted in a judgment granting the plaintiff, Robert S. Norman, a decree of divorce. The decree awarded certain property to Maude E. Norman, also the care and custody of their two minor children, Richard L. Norman, age five years, and George F. Norman, age three years. The decree further provided that plaintiff, Robert S. Norman, pay to defendant, Maude E. Norman, by depositing in the First National Bank of Sapulpa, Okla., the sum of $30 each month, in advance, from the date of the decree for the support and maintenance of said two minor children. This judgment was not appealed from. That part of the judgment requiring the payment of $30 a month was complied with only at irregular intervals, and several citations were issued by the court against the plaintiff requiring him to appear and show cause why he should not be committed for a contempt in failing to comply with the order of the court.

On June 6, 1921, a duly verified application for citation was filed alleging his failure to comply with the judgment of the court in that he had failed to pay the $30 per month for certain months in 1920 and certain months in 1921. On this application a citation was issued. On July 12, 1921, an answer was filed in which he alleged his inability to comply with the order of the court. In support of this allegation he set out his approximate earnings and expenses for the year 1920. He further stated that he had remarried in 1919; that his present wife owned certain land on which there was a mortgage indebtedness and that he had to pay the sum of $336 per annum on this indebtedness and pay certain amounts as premiums on life insurance.

On the 28th day of September, 1921, the case was called for trial in the superior court of Creek county. Robert S. Norman asked and was granted a jury trial, which resulted in a verdict finding the defendant guilty of indirect contempt of court and leaving his punishment to be fixed by the court.

A motion for a new trial was filed, which was overruled by the court. Thereupon the court sentenced Robert S. Norman to jail until he complied with the order of the court by paying all money due and payable under the former judgment of the court up to the date of the sentence, which was the 3rd day of October,

1921. Robert S. Norman gave notice of appeal; perfected this appeal and appears here as plaintiff in error.

On the 12th day of October, 1921, on the application of the plaintiff in error, this court granted a supersedeas bond staying the jail sentence of the trial court and admitting said Robert S. Norman to bail pending the determination of this appeal. Pursuant to this order a supersedeas bond in the sum of $500 was approved by the court clerk and filed in the superior court of Creek county.

On the 10th day of January, 1922, this court made an order requiring the plaintiff in error to pay the sum of $25 per month beginning on the first day of September, 1921, for the support of said minor children, and the further sum of $100 as attorneys' fees for the use and benefit of the attorneys of the defendant in error in defending this appeal in this court.

On January 28, 1922, the defendant in error filed a motion in this court to dismiss this appeal, because the plaintiff in error had failed to comply with the order of this court made on January 10, 1922. A copy of this motion was served on Preston S. Davis, attorney for plaintiff in error, by the sheriff of Craig county, Okla. The plaintiff in error ignored this motion and the service thereof, and on the 16th day of May, 1922, this court made an order giving plaintiff in error ten days to file a response to the motion to dismiss on account of his failure to comply with the court order. On May 25, 1922, the plaintiff in error filed the following response:

"Response by Plaintiff in Error to the Defendant in Error's Motion to Dismiss Appeal on Account of Failure of Plaintiff in Error to Comply with an Order of the Supreme Court.

"The plaintiff in error respectfully avers that he had no notice of the application for any order from the Supreme Court, nor did his counsel of record have any notice that defendant in error would make application for any such order, nor has any order made by the Supreme Court in this case ever been served upon him, nor upon his counsel of record in this case, nor did the plaintiff in error herein nor his counsel of record in this cause have any notice whatever that counsel for the defendant in error would on the 16th day of May, 1922, apply to this court to dismiss the appeal of the plaintiff in error on the ground that he had not complied with an order of this honorable court, at which time this court allowed the plaintiff in error 10 days in which to file this response. That the en-closed statement from the clerk of this court was the first and only intimation of the same that this plaintiff in error ever had. That this plaintiff in error has violated no order of this court that he is aware of and asks that this matter, if pressed further, be set down at some reasonable date in the future giving the plaintiff in error and his counsel sufficient time to appear before this honorable court, upon reasonable notice, to the end that the same may be heard upon the law and evidence.

"All of which is most respectfully submitted.

"Preston S. Davis,
"Counsel of Record for the
"Plaintiff in Error."

MILLER, J. (after stating the facts as above). The question now before this court is: Should the motion to dismiss the appeal be sustained or denied?

If the response is sufficient to raise an issue of fact, the motion should not be sustained until the issue of fact is determined. We do not think the response raises any issue, either of law or fact. The motion of the defendant in error to dismiss the appeal is supported by her duly verified affidavit that the order of the court made on January 10, 1922, has not been complied with by the plaintiff in error. The plaintiff in error evades this issue by saying: "He has violated no order of this court that he is aware of."

If the plaintiff in error had complied with the order of the court made on January 10, 1922, it was his duty to so state in his response and give all necessary detailed information, that this court might be fully advised. He has neither done this nor filed any motion or application to modify the order, or set up any reason why it has not been complied with. This response is evasive, it does not meet the issues, and is nothing less than trifling with the court. The response asks that, if the motion is to be pressed further, it be set down at some reasonable date in the future to give counsel for plaintiff in error sufficient time to appear upon reasonable notice. When plaintiff in error was given opportunity to respond, he is charged with notice that the motion is before this court for its determination. The opportunity given him to respond is that he may set up in concrete form the facts, if any he has, upon which he may rely to defeat the motion. He would not have been called upon to respond if there had been nothing pending before this court. It was his duty, in filing his response, to meet the issue squarely. If he had paid the $25 per

month provided for in the order of this court made on January 10, 1922, he could have so stated in his response.

When a divorce is granted and in the same decree the husband is required to pay to his wife certain sums of money, monthly, for the support of his minor children, and he is convicted of contempt of court and sentenced to jail for failure to comply with such order, and he appeals from such conviction and sentence to this court, the Supreme Court, under its appellate jurisdiction and as an incident to such jurisdiction, has authority to make an order requiring such appellant to pay a specified sum monthly for the support of his minor children, pending a determination of such appeal, and also the necessary attorney fees for the attorneys employed by his former wife in defending against such appeal. See Spradling v. Spradling, 74 Oklahoma, 181 Pac. 148. It is also within the inherent power of this court to enforce its orders, and in doing this it may dismiss the appeal. In Spradling v. Spradling, supra, paragraphs 3 and 4 of the syllabus read as follows:

"3. Where an appeal is taken without supersedeas, from a judgment awarding alimony and a sum for the maintenance and education of minor children, and plaintiff in error refuses to comply with the order of this court to pay to the clerk, for the benefit of an indigent defendant in error, certain counsel fees, etc., and, having disposed of his property, goes and remains without the confines of the state and beyond process of the court, the appeal may be dismissed.

"4. The dismissal of an appeal under such circumstances is not a denial of any constitutional right of the plaintiff in error."

In 19 Corpus Juris, at page 323, paragraph 746, the rule is stated as follows:

"There is authority to the effect that where, pending an appeal by the husband, the wife is awarded counsel fees for the purpose of resisting the appeal, if the husband fails to pay such fees, the court may dismiss the appeal."

This rule is supported in: Hall v. Hall, 77 Miss. 741, 27 South. 636; Tuttle v. Tuttle, 21 N. D. 503, 13 N. W. 460; Brown v. Brown, 22 Wyo. 316, 140 Pac. 829.

Under the order made by this court, plaintiff in error was to pay $25 per month for the support of said minor children, beginning September 1, 1921. Ten monthly payment are now due, also $100 as attorney fees for defendant in error's attorneys, and the plaintiff in error has wholly ignored the order. When called upon for a response, he evades the issue. His appeal is not entitled to further consideration, and it should be dismissed.

A copy of the supersedeas bond, which supersedeas was granted by this court, appears as a part of the case-made and this bond provides, in part, as follows:

"The conditions of this recognizance are such, that if the above bound, Robert S. Norman, will appear and perform the judgment of said superior court of Creek county, state of Oklahoma, and the judgment of the Supreme Court of said state, should judgment be rendered against him, and will pay the judgment against him in the lower court, should such judgment be affirmed by the Supreme Court of said state, and will do and perform all things which he may be ordered to do by the Supreme Court of the state of Oklahoma, or by the said superior court of Creek county, Okla., then this recognizance shall be null and void, otherwise it shall be and remain in full force, effect and virtue.

"Robert S. Norman, Principal,
"Ray Wood,
"Chas. J. Wolfe, Sureties."

The conditions of this bond have been broken by the plaintiff in error failing to do and perform the things he was ordered to do by this court, and the defendant in error is entitled to judgment against the sureties on said supersedeas bond. As the order made by this court on January 10, 1922, requiring the plaintiff in error to pay $25 per month, has not been complied with, that part of said order is hereby vacated and set aside and the order of the trial court requiring him to pay $30 per month is reinstated and continued in full force and effect from the date of the order, in all respects as though the order of January 10, 1922, had never been made by this court. That part of the order requiring the payment of $100 as attorney fees is not vacated, but remains in full force and effect. As the amount now due from the plaintiff in error under the order of the trial court requiring him to pay $30 per month and the order of this court requiring him to pay $100 as attorney fees exceeds the amount of the supersedeas bond, the defendant in error is entitled to a judgment against the sureties on said bond in the full amount thereof.

Therefore, it is by this court considered, ordered, adjudged, and decreed that the defendant in error, Maude E. Norman, do have and recover of and against Ray Wood and Charles J. Wolfe the aforesaid sum

of $500, together with interest thereon at the rate of six per cent. per annum from this date, and that this judgment be spread of record in the office of the court clerk of Creek county, Okla., and that execution be issued thereon against the judgment debtors herein. That when this judgment is collected the proceeds shall be applied as follows: First, to the payment of the $100 as attorney fees, granted by this court, for the use and benefit of the attorneys for the defendant in error in defending this appeal. Second, to liquidating the monthly payments of $30 per month now due and in arrears, and to be applied to such months as may be directed by the trial court or judge thereof.

The appeal is hereby dismissed, and the judgment of the trial court is affirmed.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.