## MOODY v. MOODY.

No. 12564—Opinion Filed June 20, 1922.

(Syllabus.)

1. **Appeal and Error—Dismissal—Noncompliance with Orders of Supreme Court.**

When a motion by defendant in error has been filed in this court to dismiss an appeal because the plaintiff in error has failed to comply with the orders of this court, and such motion has been duly served on the plaintiff in error, and he neglects to file any response or show any cause why said motion should not be sustained, this court may sustain such motion and dismiss the appeal.

2. **Same—Divorce—Dismissal of Appeal—Judgment on Supersedeas Bond.**

When the husband is granted a divorce by the district court and he appeals from certain parts of the judgment and files a supersedeas bond, which is incorporated in and made a part of the case-made, and after the appeal is lodged in the Supreme Court, this court makes an order requiring him to pay certain sums of money monthly as alimony pendente lite, and appellant fails to comply with such order, or show any cause excusing his noncompliance therewith, and on motion of the defendant in error the appeal is dismissed, this court may render judgment against the sureties on such supersedeas bond.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by J. A. Moody for a decree of divorce against Maggie Moody. Judgment granting the divorce to the plaintiff, decreeing defendant the custody of their minor child, and awarding certain sums of money to be paid monthly for the support of said minor child, and decreeing certain property to the defendant. The plaintiff appeals. On failure of plaintiff in error to comply with certain orders of this court for the payment of alimony pendente lite, motion to dismiss filed by defendant in error sustained. Appeal dismissed.

C. M. Threadgill, for plaintiff in error.

G. T. Ralls, for defendant in error.

MILLER, J. This action was instituted in the district court of Coal county by J. A. Moody, as plaintiff, asking for a decree of divorce against his wife, Maggie Moody. A trial was had and judgment rendered in favor of the plaintiff, granting to him a decree of divorce, but awarding to Maggie Moody certain property and the care and custody of their minor child, ordering that the plaintiff pay $30 per month for the support of said minor child and the further sum of $25 as attorney's fees for defendant's attorneys. From that part of the judgment awarding the custody of their minor child to defendant, Maggie Moody, the payment of monthly allowances for the support of said minor child, the attorney's fees, and the property decreed to the defendant, the plaintiff appealed to this court, and appears here as plaintiff in error.

The appeal was filed in this court on August 23, 1921. Thereafter, on October 25, 1921, on application of the defendant in error, this court made an order requiring the plaintiff in error to pay the sum of $50 per month as alimony pending the appeal.

On May 17, 1922, the defendant in error filed in this court a motion to dismiss this appeal, which motion states that the plaintiff in error has failed and refused to pay the said sum of $50 per month or any part thereof. This motion is duly verified by the defendant in error. On May 16, 1922, a copy of said motion was served upon the attorney of record for plaintiff in error and service duly acknowledged by him, and he was also served with a notice that the defendant in error would file said motion in the Supreme Court on the 17th day of May, 1922, and ask this court to dismiss said appeal because the plaintiff in error had failed to comply with the order of the Supreme Court. Notwithstanding the plaintiff in error was duly served with the notice and copy of motion and a month has elapsed since the service thereof, yet he has failed and neglected to respond in any way or show any valid reason why said motion should not be sustained. Therefore, under the authority of Norman v. Norman, 86 Okla. 201, 29 Pac. 950, and Hansing v. Hansing, 76 Okla. 34, 183 Pac. 978; and cases cited in

each of said opinions, the motion should be sustained and this appeal dismissed.

An examination of the record shows that the plaintiff in error filed a supersedeas bond in the sum of $300 to abide by the judgment of this court, a copy of which appears as a part of the case-made, with John Hutchinson and Ed. L. Anderson as sureties. The conditions of said bond have been broken by the plaintiff in error failing to perform and do the things he was ordered to do by this court, and the defendant in error is entitled to a judgment against the sureties on said supersedeas bond. As the amount due the defendant in error, under the order of this court made on October 25, 1921, exceeds the amount of the supersedeas bond, the defendant in error is entitled to judgment against the sureties on said bond in full amount thereof. Norman v. Norman, supra.

Therefore, it is by this court considered, ordered, adjudged, and decreed that the defendant in error. Maggie Moody, do have and recover of and against John Hutchinson and Ed. L. Anderson the aforesaid sum of $300 with interest thereon at the rate of six per cent. per annum from this date, and that this judgment be spread of record in the office of the court clerk of Coal county, Okla., and that execution be issued thereon against the judgment debtors herein.

The appeal is hereby dismissed, and the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.