## MARTIN v. MARTIN.

No. 13082—Opinion Filed Jan. 23, 1923.

(Syllabus.)

### Divorce — Temporary Alimony Pending Appeal—Refusal to Pay—Dismissal.

Where plaintiff in error has failed to comply with an order of this court, awarding alimony pendente lite, and in the absence of a strong showing why he should be excused from complying with such order, the appeal will be dismissed.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action for divorce between Charlie W. Martin and Ida F. Martin. From the judgment, the former brings error. Dismissed.

Prentiss E. Rowe, for plaintiff in error.

McCollum & McCollum, for defendant in error.

PER CURIAM. This action now stands for hearing upon motion to dismiss appeal for failure to comply with a former order of this court, response thereto and reply.

On the 26th day of September, 1922, this court, upon application of defendant in error, made an order awarding her alimony, pendente lite, in the sum of $50 per month. Only one payment has been made, and plaintiff in error is in default as to the other payments. Plaintiff in error undertakes to excuse his default by saying that he is not financially able to make the payments. This is not a sufficient showing in face of the fact as appears from the reply of defendant in error, which is not controverted by affidavit or otherwise—that plain-

tiff in error is in possession of the home, all of the real estate, live stock, feed, household goods, and all of the property accumulated by the parties during a period of more than 20 years of married life.

The order of the court must be treated as a reasonable order and failure to comply therewith is ground for dismissal of the appeal.

Adhering to the rule laid down in Spradling v. Spradling, 74 Oklahoma, 181 Pac. 148, and Hansing v. Hansing, 76 Okla. 34, 183 Pac. 978, the appeal is dismissed.