WALLECK v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.

No. 2490.

Circuit Court of Appeals, Tenth Circuit.

May 19, 1942.

Appellant Pro Se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

By application for writ of habeas corpus, petitioner, Victor S. Walleck, sought release from the federal penitentiary at Leavenworth, Kansas, where he is confined under sentence and commitment from the District Court of the United States for the Southern District of New York. The ground for the application for the writ was that he was denied the right to the effective assistance of counsel and to adequately present his defense. Petitioner has appealed from the decision of the trial court denying his application for the writ.

At the outset we are confronted with a challenge to the jurisdiction of this court. The point urged is that the trial court, having made a finding that the appeal was without merit and not taken in good faith, entered an order denying the application to appeal in forma pauperis. It is urged that in the face of such an order, this court is without jurisdiction to entertain the appeal.

The record shows that the trial court entered its judgment discharging the writ and remanding petitioner to the custody of respondent September 9, 1941. On September 23, petitioner presented a notice of appeal to the trial court, which, omitting the formal part thereof, is as follows:

"Notice is hereby given that Victor S. Walleck the petitioner above named, hereby appeals to the Circuit Court of Appeals for the Tenth Circuit from the order denying writ entered in this action on September 9th, 1941.

"Petitioner again alleges that he is a citizen of the United States and a pauper and prays that he be allowed to proceed on appeal in forma pauperis.

"(Signed) Victor S. Walleck,
"Petitioner'

344

It bears the following endorsement on the bottom thereof:

"It Is So Ordered, This 23rd day of September, 1941.

"(Signed) Richard J. Hopkins,
"Judge"

The notice of appeal was filed in the office of the clerk of the court September 23, 1941. On October 28, 1941, the court entered an order which in substance recited that for good cause shown, the time for filing and docketing the appeal was enlarged to and including December 22, 1941. Thereafter, on October 30, 1941, without referring to its former order granting the right to appeal in forma pauperis, the court entered the order on which respondent relies, denying the right to so appeal. No reason is given why the court, having in its first order, by implication, found that the appeal was in good faith and meritorious, on October 30 reversed itself and found that the appeal was frivolous and without merit.

A question might be raised as to whether a court once having granted the right to appeal in forma pauperis and notice of appeal having been filed pursuant thereto, could thereafter nullify the appeal by entering a further order denying that which it had formerly granted and in reliance on which an appeal had been taken. But our jurisdiction is not dependent on an answer to this question.

■ Under Rule 73 of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, an appeal is perfected by filing a proper notice of appeal. De Maurez v. Swope, Warden, 9 Cir., 110 F.2d 564, and Miller v. United States, 7 Cir., 114 F.2d 267. The rule provides that if a proper notice of appeal is filed, failure to take any of the further steps required to secure the review of the judgment does not destroy the validity of the appeal, but subjects an appellant to such orders of the appellate court as it deems proper, which may include an order of dismissal. Filing of the notice constitutes a valid appeal and vests jurisdiction of the case in the appellate court. The appellate court thereafter has power to control the further steps in that court in perfecting and hearing the appeal.

■ After entry of the order of October 30, petitioner filed an application in this court for an order permitting him to appeal in forma pauperis. We did not grant this application. We did direct that the case be docketed instanter and then entered an order requiring the Clerk of the District Court to certify to our court the original pleadings, exhibits, orders, and other papers on file in the case in the District Court. We granted petitioner leave to prosecute the appeal in our court without being required to prepay fees or costs or give security therefor, and directed that the appeal be heard on the original record, certified to our court, and on a typewritten copy of brief by petitioner. We made no order relating to costs in the District Court. We think we have ample authority to control the proceedings in our court, including the right to permit petitioner to proceed in forma pauperis as far as costs in our court are concerned.

Petitioner was arrested in Montreal, Canada, June 26, 1937. He waived extradition and was returned to New York. On June 30 he was arraigned and entered a plea of not guilty, and trial was set for July 13. No inquiry was made by the court at that time respecting counsel. The United States Attorney asked petitioner if he had an attorney. He replied that he had only arrived in New York that morning. The United States Attorney suggested that the Marshal would put him in touch with an attorney. The Marshal suggested the name of an attorney who he said knew his way about the courts and could be of material assistance to him. Petitioner asked the Marshal to see the attorney and have him call. The attorney did not call. On July 13, petitioner was brought to court for trial. When the case was called for trial, the United States Attorney suggested that the petitioner was not represented by attorney, whereupon the following colloquy occurred:

"The Court: He has no counsel?

"Mr. Martin: No.

"The Court: I assume the Court should appoint a counsel for him. In our district, we have not followed the custom, but I will follow the custom here, whatever it is. If he desires a counsel to be appointed for him, I would do so, but not delay the trial in any way whatever. Which one is Walleck?

"Defendant Walleck: I should prefer to have my own counsel, but there is some delay. I cannot seem to figure on it.

"The Court: You have employed counsel?

"Mr. Walleck: Nothing came of it. I expect to provide my own.

\* \* \* \* \*

"The Court: He was arraigned here on June 30th?

"Mr. Martin: Yes.

"The Court: And the case at that time was set for trial today?

"Mr. Martin: Yes, sir.

"The Court: I would not grant any postponement. I would be willing to assign counsel if he so desires. Do you desire me to assign you counsel?

"Mr. Walleck: No. I ask to have my own counsel, on my own account.

"The Court: I would not assign the counsel you request, where I have to appoint any for you.

"Mr. Walleck: I mean, I do not know the general procedure in these matters.

"The Court: I think you have had ample opportunity to employ counsel or to have brought it to the attention of the court earlier. I will, therefore, direct that the trial proceed."

From this, it fairly appears that petitioner desired to be represented by counsel and did not waive his right to the assistance of counsel. When the court asked if he desired the appointment of counsel, he replied that he preferred his own counsel. He stated that what he meant was that he did not know the procedure in such matters; that there had been some delay in his ability to procure counsel. The court's reply was that he thought he had had ample opportunity to procure counsel or to have brought it to the attention of the court, and thereupon ordered the case to trial.

■ Petitioner was an itinerant seaman, having spent approximately twenty years at sea. He had been in court only once, when he was represented by counsel. At this time he had three hundred dollars with which to employ an attorney. Only two weeks had intervened between his arraignment and the trial. During all this time he was in jail. He believed the Marshal had arranged for an attorney to call and see him. He no doubt was waiting for the attorney to call. It is clear from the record that petitioner was devoid of knowledge of court trials and court procedure. It is doubtful if he knew that he had the right to ask the court for the appointment of an attorney. He cannot be charged with dereliction for failing for two weeks to call

the court's attention to the fact that he had no counsel, especially since during this time he was expecting a call from an attorney. From this, it is clear to us that he did not intelligently waive his right to be represented by counsel.

■ Furthermore, within the rationale of Glasser v. United States, '62 S.Ct. 457, 86 L.Ed. ——, and Powell v. Alabama, 287 U.S. 45, 59, 53 S.Ct. 55, 60, 77 L.Ed. 158, 84 A.L.R. 527, petitioner was deprived of his right to the effective assistance of counsel. In the Powell case, supra, the Supreme Court said:

"The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense. To do that is not to proceed promptly in the calm spirit of regulated justice but to go forward with the haste of the mob."

■ To offer to appoint counsel upon condition, however, that the trial proceed at once, is in effect denying the right of counsel. Under such conditions, an attorney could render no effective aid or assistance to the defendant.

The judgment of the trial court is reversed, and the cause is remanded, with directions to grant the writ and to deliver the defendant to the United States District Court for the Southern District of New York for appropriate proceedings therein.