The judgment will be reversed and the cause remanded for further proceedings consistent with this opinion.

UNITED STATES of America, Appellant,

v.

Frank I. RALEY, Appellee.

No. 7226.

United States Court of Appeals Tenth Circuit.

March 21, 1963.

States." The trial court sustained a motion to dismiss the indictment without stating the reasons for such dismissal. The United States filed a notice of appeal to this court. About a month later the trial court filed another judgment in which it said that the motion to dismiss was sustained because the statements were not made in a matter within the jurisdiction of the Indian Agency and that the decision on the dismissal was not related to any construction of § 1001. The second judgment was without effect because, with exceptions not pertinent here, the filing of a timely and sufficient notice of appeal transfers jurisdiction to the court of appeals and divests the district court of authority to proceed further in the case.[1]

Appeals by the United States in criminal cases are governed by 18 U.S.C. § 3731. An appeal may be taken to the Supreme Court of the United States from the dismissal of an indictment when the decision "is based upon the invalidity or construction of the statute upon which the indictment * * * is founded." An appeal may be taken to a court of appeals except in cases where a direct appeal to the Supreme Court is provided. When an appeal is taken to a court of appeals and it is of the opinion that the appeal should have been taken to the Supreme Court, it shall certify the cause to that court.

■ The charge of a violation of § 1001 depends on the jurisdiction of the Indian Agency over the matters in connection with which the statements were made. According to the arguments of the parties this is determined by the application and construction of the statutes under which the Indian Agency operates.[2] From the record before us we cannot determine whether the dismissal was based on the invalidity or construction of the Indian Agency statutes or not and, hence, we do not know

L. K. Smith, Asst. U. S. Atty. (John M. Imel, U. S. Atty., on the brief), for appellant.

Don Hampton, Pawhuska, Okl. (John W. Tillman and Fred A. Tillman, Pawhuska, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

■ Appellee-defendant Raley was charged in a 4-count indictment with violations of 18 U.S.C. § 1001 arising out of alleged false statements made in matters "within the jurisdiction of the Osage Indian Agency, an agency of the United

---

1. Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902, 904; Walleck v. Hudspeth, 10 Cir., 128 F.2d 343, 344; 7 Moore's Federal Practice § 73.13, pp. 3158–3159.

2. 37 Stat. 86; 41 Stat. 1249; and 43 Stat 1008.

if the court of appeals has jurisdiction or if the case should be certified to the Supreme Court.

The judgment is reversed and the case remanded with directions that the trial court state the basis for its decision.