Claude A. RUBELING, Appellant
(Defendant below),

v.

Helen B. RUBELING, Appellee
(Plaintiff below) (two cases).

Nos. 3415, 3426.

Supreme Court of Wyoming.

Oct. 1, 1965.

Walter C. Urbigkit, Jr., Cheyenne, for appellant.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The first appeal in this case involves proceedings for modification of a divorce decree with respect to child support.

The original decree contained a provision requiring the husband to pay to the wife $120 per month for support of two minor children, plus a compulsory saving of $30 per month. Upon a succeeding hearing, the original decree was modified by abating the $30-per-month savings requirement for a period of six months.

Five months after the first modification, the husband requested a further modification by a reduction in the $120-per-month

support obligation and the $30-per-month savings obligation. The trial court, after trial, denied further modification except that the savings requirement of $30 per month was abated until further order of the court. The husband appeals from the order denying additional modification.

■ Appellant states that the basic question involved in the appeal is whether absolute proof of change in circumstances is required in a support-modification proceeding—even though it is proved that the support requirements are, for practical purposes, impossible of attainment by the father.

In order to consider abstractly the question presented, we will assume without so deciding that the record in this case shows uncontradicted testimony that the support requirements are, for practical purposes, impossible of attainment. It is fair to say there was indeed a strong showing of the father's inability, on his present earnings, to meet the support requirements of $120 per month, if the earnings of his second wife are not taken into consideration; and appellant claims a second wife's income should not be considered.

The strong showing made on behalf of the father causes us to realize how important the question presented is, and we have not considered it lightly. However, there must come a time in every litigated matter when a decision is final and not subject to relitigation.

■ As stated in 50 C.J.S. Judgments § 592, p. 11, the doctrine of res judicata is a rule of universal law pervading every well-regulated system of jurisprudence. The doctrine arises through public policy and necessity, it being in the interest of the state that there should be an end to litigation. Also, the doctrine arises from the need to prevent hardship on the individual and to prevent his being vexed twice for the same cause.

Precedent for the application of res judicata to modification proceedings in a divorce case is already established for our court. In Laughton v. Laughton, 71 Wyo.

506, 259 P.2d 1093, 1102–1103, 43 A.L.R. 2d 351, it was said the whole theory which admits of a modification is that a condition which affected the interest and welfare of the child and parties either no longer exists or has so materially changed that there is a new situation presented which requires a new adjudication.

The conclusion reached in that case was substantially this: As long as the circumstances and conditions continue unchanged, there is no lawful power or authority in our court, or any other court, to supplant the prior judgment of the trial court by any type of modification. The absolute necessity for principles of res judicata is so strong that we cannot depart from the holding in the Laughton case.

Therefore, taking the basic question involved in this appeal, as stated in appellant's brief, we are compelled to answer that proof of change of circumstances is required in a support-modification proceeding, even though it is proved that the support requirements are, for practical purposes, impossible of attainment by the father.

We are not called upon to prejudge what would or would not, under the circumstances stated in appellant's question, constitute contempt of court if it develops that the father cannot reasonably comply with the last order of the trial court. As far as we know, such a situation has not arisen.

### Were Changed Circumstances Proved?

■ Despite the manner in which appellant has stated what he considers the "basic question" involved in the appeal to our court, he departs somewhat from his theory that absolute proof of change in circumstances is not necessarily required and suggests there have in fact been changed circumstances.

Unfortunately, we have no record of proceedings in connection with the court's first modification. Although counsel for the husband suggests that the divorced

wife has an improved income situation, he admits the record fails to support his contention in that regard, because it does not reflect what her income situation was at the time of the last previous modification.

Likewise, it is not shown that the husband has less income. In fact, appellee suggests his income was nominally increased.

With respect to the argument that the income of a second wife should not be taken into consideration, we can only say if it was taken into consideration at the time of the last previous modification, any objections thereto are lost by failure to appeal from that modification. Whether the income of the second wife was considered in connection with the present application for modification is immaterial, in the absence of a showing of changed circumstances adverse to the husband.

### Attorney Fees

By separate appeal from an order in which the district court ordered appellant-husband to pay appellee-wife the sum of $250 for an attorney's fee and expenses, in connection with his appeal to the supreme court, appellant raises the question of whether, after a notice of appeal has been filed, the trial court retains jurisdiction to order a defendant-father to pay attorney fees and expenses for appellee.

■ There can be no doubt that the supreme court can order payment by a husband of an attorney's fee for the wife, in connection with an appeal from a district court. See Lonabaugh v. Lonabaugh, 46 Wyo. 23, 22 P.2d 199, 204; and Brown v. Brown, 22 Wyo. 92, 135 P. 801, 801–802, Id. 22 Wyo. 316, 140 P. 829, 51 L.R.A., N.S., 1119, reversed on other grounds Id., 23 Wyo. 1, 146 P. 231.

■ Counsel for both parties seem to agree the authority to order payment of attorney fees on appeal was recognized, in Snow v. Duxstad, 23 Wyo. 82, 147 P. 174, 187, as extending to the district court also. Appellant therefore raises the question whether the probable jurisdiction

of a district court to order payment of attorney fees for appeal has continued since the adoption of Wyoming Rules of Civil Procedure.

Two of the rules of procedure need to be considered in connection with this question. The first is Rule 73(h), W.R.C.P., which provides:

"Except as is provided in Rule 75(j), the supreme court shall not acquire jurisdiction over the cause until the record on appeal is filed with the clerk of the supreme court."

The second rule to which we refer is Rule 75(j), W.R.C.P., which provides in pertinent part as follows:

"If, prior to the time the complete record on appeal is settled and certified as herein provided, a party desires to docket the appeal in order to make in the supreme court a motion * * * for any intermediate order, the clerk of the district court at his request shall certify and transmit to the supreme court a copy of such portion of the record or proceedings below as is needed for that purpose."

It is readily apparent that a procedure has been provided in the rules whereby a wife may present to the supreme court any request she may have for an allowance of attorney fees, in connection with an appeal growing out of an action for divorce, even before the complete record on appeal is filed.

Should the procedure be considered exclusive? We think it should. Public policy and the public interest require such a holding. In the first place, appeals to the supreme court are from a judgment or "final order" of the district court. Except for the performance of further duties assigned to him under the rules or statutes, the jurisdiction of the trial judge should end with the entry of the final judgment or order appealed from.

This is in keeping with the practice followed by federal courts under the federal rules. See Walleck v. Hudspeth, 10 Cir.,

128 F.2d 343, 344; Thompson v. Harry C. Erb, Inc., 3 Cir., 240 F.2d 452, 454; and 3A Barron and Holtzoff, Federal Practice and Procedure, § 1558, p. 85 (Rules Edition, 1958).

There is good reason for the supreme court rather than the district court to pass upon the need for ordering payment of an attorney's fee in an appeal, and the supreme court is in a better position to say what, under the circumstances, is a reasonable and proper fee for legal service in that court. Moreover, it would not be proper for the trial court to control the appeal, and there would be some instances in which it could control whether an appeal is carried by a husband to the supreme court, merely by deciding that an attorney's fee should be paid to appellee and by fixing the amount thereof.

In the case at bar, the district court ordered an attorney's fee of $100 to be paid by the husband to the wife for the modification proceedings heard in the district court. We must assume this fee was intended to cover services rendered on behalf of the wife in the district court. For services rendered or to be rendered in the supreme court, it would be better for the supreme court to say whether a further payment should be made, and if so how much.

The order denying further modification of the divorce decree is affirmed, and the order requiring the husband to pay appellee attorney fees and expenses for appeal, in the amount of $250, is reversed.