## PRICE *v.* BONNIFIELD.

FORMER ADJUDICATION : JUDGMENT ON DEMURRER.—When a petition on a cause of action, appearing on its face to be barred by the statute of limitations, is demurred to for that reason, and the demurrer sustained, and another suit is subsequently brought upon the same cause of action, the petition therein alleging facts, showing that the statute of limitations has not run, the latter suit cannot be maintained, as the judgment upon the demurrer in the first suit, although error, was a former adjudication and a bar to any other suit.

ERROR to the District Court of Laramie County.

The action in the court below was instituted by Wesley B. Bonnifield, the plaintiff, to recover of George F. Price, the defendant, a sum of money alleged to be due upon a decree and judgment of the district court of the 9th judicial district of the state of California. The defendant answered : *First.*—A general denial. *Second.*—That the action was barred by the laws of California. *Third.*—A judgment recovered in the district court of the 1st judicial district of Wyoming Territory in favor of the defendant, for the same cause of action alleged in the petition. *Fourth.*—Other special matter.

Upon the trial of the cause, the plaintiff offered in evidence a transcript of a decretal order, to which the defendant objected on the ground that it was incompetent, immaterial and irrelevant, and that it was not properly au-

thenticated.   The plaintiff also offered evidence a certified
copy of a part of the laws of the state of California, to the
admission of which the defendant objected and excepted.

The defendant, to maintain his plea of a former judg-
ment in bar of the action, offered in evidence certain rec-
ords of the first judicial district court of Wyoming, and
the evidence of E. R. Johnson, called as a witness as to the
identity of the cause of action in the former suit, and in the
pending suit.

The case was tried by the court without a jury; the court
rendered judgment for the plaintiff below.

*McLaughlin & Steele,* for plaintiff in error.

The court below erred in admitting the transcript in evi-
dence offered by the plaintiff.   The same was irrelevant
and incompetent to sustain the allegations of the plaintiff's
petition; it was a decided order in an action for the fore-
closure of a mortgage, and not a judgment as alleged.

A judgment is defined to be the final determination of
the rights of the parties in an action or proceeding.   The
language of a judgment, is not that it is decreed or resolved,
but that it is considered by the court that the plaintiff re-
cover, or, that the defendant go hence without day.

The court below erred in rendering the judgment in favor
of the plaintiff, Bonnifield, and against the defendant, Price.
The former judgment pleaded and proven in bar, estopped
the plaintiff to recover in this action.   The judgment of a
court of competent jurisdiction, is not only final as to the
matter actually determined, but as to every other matter
which properly belongs to the subject of litigation, and
which the parties, exercising reasonable diligence, might
have brought forward at the time, and this is so, whether
the trial be had upon the merits to a jury, or judgment be
upon a demurrer to the petition.   *Bruen* v. *Hone,* 2 Barb.,
586; *Southgate* v. *Montgomery,* 1 Paige, 41; *Bouchard* v.
*Dias,* 3 Denio, 243; *Miller* v. *Covert,* 1 Wend., 487; *Baggott*

v. *Williams*, 3 Barn. & Cress., 241; *Christmas* v. *Russell*, 5 Wallace, 307; *Clearwater* v. *Meredith*, 1 Wallace, 25; *Goodrich* v. *City of Chicago*, 5 Wallace, 573; *Beloit* v. *Morgan*, 7 Wallace, 622; *Gardner* v. *Buckbee*, 3 Cow., 127; *Burt* v. *Sternberg*, 4 Cow., 563.

Beyond question the bar is not defeated, because the special matter of the second suit is different from the first, if it be founded on the same title. *Stevens* v. *Hughes*, 31 Penn. St., 385; *Clark* v. *Sammons*, 12 Iowa, 370.

An adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is pronounced, but in every other, where the right and title is the same, although the cause of action may be different. 2 Smith's Leading Cases, (7th Am. ed.,) 788, 789.

A judgment extinguishes the cause of action, and if the plaintiff brings two actions for the same cause, a judgment in one is a good bar to the other. *Nichol* v. *Mason*, 21 Wend. 339; *Thomas* v. *Rumsey*, 6 John., 26; *Miller* v. *Manice*, 6 Hill, 114; *Doty* v. *Brown*, 4 Comstock, 71; *White* v. *Coatsworth*, 2 Selden, 137; *Castle* v. *Noyse*, 4 Kernan, 329.

The statutes of limitation are statutes of repose; they stand on an equal footing with other statutory defences, and should not be discriminated against by the courts. *Spring* v. *Gray*, 5 Mason's C. C. Repts., 523; *Seldon* v. *Jackson*, 41 Barb., 55.

*Johnson & Potter*, for defendant in error.

The first error assigned in the motion for a new trial, is the admission of the transcript. The objection of irrelevancy is untenable; that of incompetency is disposed of by the clerk's certificate, which identifies the seal attached, as that of the court.

The second error assigned in the motion is the admission of the laws of California; but as the objection is general, stating no ground, it was properly overruled.

The third, that the findings are not sustained by sufficient

evidence, is untenable, by reason of the failure of the record to show affirmatively that it contains all the evidence. In the absence of such affirmative statement, the presumption is, that there was sufficient testimony. 3 Gr. & Won. U. T., 1230; Powell on App. Pr., 200; *Houch* v. *Deity*, 3 Ind., 385; *Snowsden* v. *Warder*, 3 Rawle, 101; *May* v. *Bayers*, 13 Ind., 412; *Boles* v. *Plummer*, Ibid., 448; *Fuller* v. *Ruby*, 10 Grey, 285; *McMullen* v. *The State*, 13 Mo., 30; 10 Ohio St., 168; 24 Penn. St., 72. This record contains no such statement.

The fourth, that the findings are contrary to law, is involved in the foregoing proposition.

Although the defense of former judgment could not be pressed, and is not involved in consequence of the above-mentioned defect in the record, it may be well to submit the question as to whether the judgment on demurrer, in this case, would bar another action, in which the petition stated a good cause of action. Freeman on Judgments, 212 –231; *Clark* v. *Young*, 1 Cranch, 181; *Auroria City* v. *West*, 7 Wall, 82; *Gould* v. *E. & B. R. R. Co.*, 1 O., 526. But the question in this case is *res judicata*. *Bonnifield* v. *Price*, 1 Wyo. The question of limitation stands on the footing in the record; but, on its merits, the evidence brings Price within the exceptions, and this court has already so decided in *Bonnifield* v. *Price*.

PECK, J.—Bonnifield sued Price, and one Tyson in November, 1873, in the first district court, upon a judgment alleged in the petition to have been obtained by him in California against them in 1861. It appeared by the petition, that the suit was instituted more than five years after the rendition of the original judgment.

The territorial statute of December 10, 1869, in force at the commencement of the action, at sections 14, 19 and 28, declared that an action upon a judgment should be commenced within five years from the accruing of the cause, allowing a suspension in case of absence, absconding and

concealment. Price demurred to the petition as not set-
ting forth a cause of action, because the cause alleged in it
did not accrue within five years next before the commence-
ment of the suit; the district court rendered judgment for
the defendant upon the demurrer, Bonnifield appealed, and
this court at its March term for 1874, affirmed the judg-
ment. No appeal was taken from that decision. After-
wards, in June, 1874, Bonnifield brought a second suit
against Price and Tyson in the district court on the origi-
nal judgment. In addition to the statement of the judg-
ment, alleging only that it was not barred by the statute of
limitations of California or Wyoming, because the defen-
dants had not resided in either jurisdiction since its rendi-
tion, Price plead the decision of the court, as a former ad-
judication, also the bar of the statute. At the trial the for-
mer adjudication was proved, and proof adduced as to the
other issue, and the district court held against him as to the
former, and for him as to the latter defense. Bonnifield
appealed, and this court at its March term for 1875, reversed
as to the defense of limitation, but affirmed as to that of a
former adjudication; after which the case was non-suited
below. Afterwards, in July, 1876, Bonnifield brought a
third, being the present suit against Price and Tyson in
the district court on the original judgment; in addition to
the statement of the judgment, alleging only that it was
not barred by the statute of limitations of California or Wy-
oming, because neither of the defendants had been within
the state or territory since the rendition of the judgment,
Price plead in bar the judgment which had been rendered in
the first of these three suits, at the trial, which was without a
jury, proved the former judgment, the district court held
that it did not constitute a bar, and rendered judgment ac-
cordingly for Bonnifield. Price now appeals, presenting to
us the question, whether the defense did or did not consti
tute a bar.

Tyson was not joined, nor did he appear in either of the
three suits brought in the territory. The statute of limita-

tion in force at the commencement of the first suit in the
district court, was simply remedial; the decision of this
court in it, 1 Wyo., 172, arose from a confusion between
remedy and right. The proposition adopted by the court
is not supported by principle, nor sanctioned by sound
learning; is opposed to the common law, and flatly disobe-
dient to the rule which has uniformly existed in the su-
preme court of the United States since the organization of
that court, and yet, this court sits as a common law court,
and is imperatively bound by the federal jurisprudence.
Had Bonnifield appealed from that decision of this court,
there cannot be an intelligent doubt that the decision would
have been reversed, and his judgment, which, so far as dis-
closed in his petition, was as vital when declared by this
court to be extinct, as it was when rendered in California,
protected. He however allowed that decision of this court
to become a finality, and we are thus compelled to hold that
he is now bound by it as a finality. But we also hold that
it is the law of this court only as to the suit in which it was
rendered; that it establishes no precedent for general prac-
tice; and that, outside of that suit, the law of this court is
the reverse of that which was announced by it in that case
upon the demurrer.

The allegations in the second suit as to limitation, were of
no matter that entered into the cause of action, set up in the
suit; relating to remedy alone, as premature, could not prop-
erly have been alleged in the pleadings, unless the bar of lim-
itations were plead, and then, of course, only in reply to the
plea. These allegations were, therefore, purely surplusage,
which Price could have stricken out on motion; hence the
second suit set up the identical cause of action that was set
up in the first. The two suits were upon the same thing;
the plea of a former adjudication, interposed in the second,
was true, and upon a principle which is as well settled, as
uniform and as imperative, as a principle of law can be; a
principle indispensable to protection against that worst mis-
chief in the administration of the law,—useless and vex-

atious litigation, (for a party may have his day in court, but only his day,) the plea should have been sustained, and the controversy ended.  We hold that the decision of this court in the second suit, on the defense of a former adjudication, was erroneous, is of no authority by the suit, furnishes no precedent for general practice, does not express the law of this court.  The non-suit in the second action terminated it, leaving the claim as it was at the commencement of the suit.

The third suit is, as to cause of action and the defense of a former adjudication, simply a repetition of the controversy in the second.  The judgment of the district court is reversed, and judgment rendered for Price, the defendant below, upon his defense of a former adjudication, with the costs of the district court, and the costs of the appeal.

Judgment reversed.