Belknap,
No. 5137.

ALFRED D. ROSENBLATT & *a.*

*v.*

SARAH KIZELL & *a.*

Argued June 5, 1963.
Decided July 9, 1963.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Snow* orally), for the plaintiffs, Alfred D. and Judith A. Rosenblatt.

*Snierson & Chandler* (*Mr. John P. Chandler* orally) for the defendants.

LAMPRON, J. Plaintiffs are the owners of the Smart building, so-called, a business block on the east side of Main Street in Laconia. Their title includes Meredith Avenue, an alleyway south of their building, about 14 to 18 feet wide, which runs easterly from Main Street. Plaintiffs and their predecessors have owned this parcel of land since 1881.

Defendant Sarah Kizell is the owner of a business block also on the east side of Main Street and on the southerly side of Meredith Court. Harold A. Baker, the other defendant, owns a building easterly of the Kizell block on the south side of Meredith Court. It is separated from the Kizell block by an unnamed alley which runs parallel to Main Street from Meredith Court to California Court to the south.

The right to use Meredith Court asserted by the defendants is based solely upon prescription. The Trial Court ruled correctly that "to prevail, the defendants must prove open, adverse, continuous, uninterrupted use of the way by themselves and their predecessors in title with the knowledge and acquiescence of the owners for more than twenty years." *Ucietowski* v. *Novak*, 102 N. H. 140, 144. Its ruling that "defendants are entitled to rely upon use of the way by their tenants and those of their predecessors and upon use by third parties in connection with the premises" was also correct. *Jean* v. *Arsenault*, 85 N. H. 72, 73; 3 Powell, Real Property, s. 413, p. 455; Restatement, Property, s. 464, *comment* a.

Considering first the claim of defendant Kizell to a right of way by prescription, witness Jewett testified that he has been very

familiar with the site in question since at least 1905. He further testified that he knew that the northerly store in the Kizell block was then occupied by one Mitchell; that there was a loading platform in the back of it reached by Meredith Court; that he remembered purchasing a stove from Mitchell in 1916 which was loaded for delivery to him from that platform. "I do know of my own knowledge that of course Mitchell used it [Meredith Court] all the time."

Another witness, who worked in a drug store in that same block from about 1913 to 1918, testified that deliveries were made to the rear of that store about two or three times a week by wagons using Meredith Court or California Court. It could also be found from the testimony of witness Keller, who was in business in that vicinity in 1907 and for over twenty years thereafter, that Meredith Court was used during that time to make deliveries to the rear of stores in the Kizell block. Finally witness Achber, son of defendant Kizell, testified to regular use of Meredith Court as a way by tenants and owners of that block and others from 1927 to the present time. There was also evidence from which it could be found that this use was made by claim of right and not in subordination to the owners. The evidence amply supports the Trial Court's finding and ruling that Meredith Court has been used by defendant Kizell and her predecessors in title under all the circumstances necessary for the creation of a right of way by prescription for more than twenty years and that such a way has been acquired. *Ucietowski* v. *Novak*, 102 N. H. 140, 145; Restatement, Property, *ss.* 457-460.

As to the existence of a prescriptive right of way in the owners of the Baker building, witness Jewett testified that in 1905 a gunsmith shop operated by one Lawrence occupied the present site of that building and that from at least that time on "I know that Meredith Court was used by people going into the Lawrence gun shop." He testified further that "all of us boys used to use that right of way to go in to get our guns repaired."

Witness Keller testified to the existence of that same gunsmith shop at the same location when he came to Laconia in 1907 and that it had but one door, which was on the north side facing Meredith Court. Three or five years later when the gunsmith vacated the building, Keller occupied it for his business and used the door on Meredith Court to receive raw materials and ship out his goods. The old building was replaced by the present cement block in 1915. The latter was built with a four-foot

door on the north side facing Meredith Court and Keller used that door to receive his raw materials until he moved to a new location in 1928. When asked "Did you ever ask permission of anyone to use that right of way," the witness answered "No."

We are of the opinion that the evidence warranted a finding and ruling by the Trial Court that the owners of the Baker building had acquired by 1928 a right of way by prescription over Meredith Court.

The plaintiff points out that there was a lack of evidence of use of this right of way by the owners or the tenants of the Baker block from 1928 until 1939 when the defendant Baker purchased it and testified that he has. used it for his business purposes daily since that time.

There was no testimony that the use of the way had been abandoned. A presumption of abandonment of an established easement cannot be made from the mere fact of nonuser. *New England Box Co.* v. *Wood*, 81 N. H. 124, 127. The door and loading platform which stood facing Meredith court during that period could be found, as they were, by the Trial Court to be mute testimony of nonabandonment. On the evidence it cannot be said as a matter of law that the right of way previously acquired was extinguished by this period of nonuser. Restatement, Property, *s.* 504.

Nor would the record support a ruling as a matter of law that this easement was extinguished by use of the plaintiffs and their predecessors in title adverse to the right of way acquired by the predecessors of defendant Baker. This would require a use adverse to their enjoyment of the right of way for the prescriptive period of twenty years. There is no such evidence.

The Trial Court correctly ruled that the defendants and their predecessors had acquired a right of way by prescription in Meredith court long before "a so-called closure of the way on September 2 and 3, 1945." As a result it is unnecessary to consider the effect, if any, that such closure would have had on the rights of the parties if it had occurred before the prescription period had run.

*Exceptions overruled.*

All concurred.