Gregory K. BARRETT, Appellant
(Plaintiff),

v.

TOWN OF GUERNSEY, Appellee
(Defendant).

No. 5712.

Supreme Court of Wyoming.

Oct. 14, 1982.

Frank J. Jones, of Jones & Weaver, P.C., Wheatland, for appellant.

W. H. Vines, of Jones, Jones, Vines & Hunkins, Wheatland, for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

From an order of the district court dismissing an action to quiet title brought by Gregory K. Barrett, appellant, against the Town of Guernsey, appellee, this appeal is brought. The issues, as propounded by appellant, are:

"A. Was the affirmative defense of res judicata properly pleaded?

"B. If properly pleaded does the doctrine of res judicata bar Plaintiff's cause of action?

"C. Does the doctrine of collateral estoppel bar Plaintiff's cause of action?

"D. Is Plaintiff privy to Lincoln Land Company?"

We will affirm.

On October 27, 1981, appellant filed his complaint against appellee to quiet title to 0.8 acre of land in Guernsey, identified by the hash marks on the following sketch[1]:

---

1. The land in question is legally described as: "That part of the NW1/4SW1/4 of Section 35, Township 27 North, Range 66 West of the 6th P.M., Platte County, Wyoming, more particularly described as follows: "Beginning at the Southwest corner of Lot 32, West Subdivision to the Town of Guernsey, Platte County, State of Wyoming, and considering the South line of said Lot 32 to bear South 89°40' West with all bearings herein being relative thereto; thence South 89°40' West, 138 feet to a line of old fence posts; thence North 12°35' East, along said line of old fence posts, 40.0 feet; thence North 77°25' West, 25 feet to a post; thence North 12°35' East 21.5 feet; thence South 77°25' East, 25 feet; thence North 12°35' East, 287.33 feet; thence North 89°40' East, 60.32 feet to the Northwest corner of said Lot 32; thence South 00°17' East, along the West line of said Lot 32, 340.0 feet to the Point of Beginning, containing 0.8 acres more or less."

Appellee first answered raising as a defense that appellant was "precluded from pursuing this action" by a quiet title decree entered on June 24, 1980. Later appellee filed a motion to dismiss on the ground of res judicata to which was attached a copy of the decree which described, to the extent here pertinent, the land as bounded on the east by the west boundary of Lot 32, West Subdivision, and on the northerly and westerly sides by the North Platte River.

The defense and motion were separately heard by the district judge. Appellant's claim of right is by prescriptive use "in actual, open, exclusive, notorious, hostile and adverse possession of said premises for a period of more than ten years last immediately preceding the filing of this Complaint during which time they have claimed to own said premises against the whole world." The parties stipulated as to what transpired at the hearing.

The basis for appellee's claim of res judicata was by virtue of a civil action filed on April 18, 1980, wherein the appellee was plaintiff and "Lincoln Land Company, its successors and assigns, and all bondholders, lienholders, or any other person claiming an interest in the subject matter of this action," were defendants. Service by publication was had pursuant to Rule 4(e), W.R. C.P. No question is raised as to whether all the necessary procedural steps were properly taken. The decree entered in that action on June 24, 1980, found that the plaintiff had "been in open, notorious, continuous,

exclusive, hostile and adverse possession of said premises for a period of more than ten (10) years next preceding the commencement of this action" and claimed to own it against the whole world.

There was, at the time of that previous action, nothing of record showing appellant to have any interest in the property. At the hearing of the motion to dismiss, the appellant produced as exhibits and the district court considered:

1. A survey showing the area claimed by appellant. See sketch appearing at the start of this opinion. It is noted that the survey bears no date, but it was probably prepared for use in appellant's action. Fences shown are vintage, downed posts and wire.

2. An Agreement for Warranty Deed, wherein appellant is purchaser and Charles E. Jones and Cleo Jones are sellers, dated December 21, 1978, recorded April 9, 1980, to lots 31 and 32—not the land we have in question.

3. A Warranty Deed to appellant, dated January 14, 1980, to the south 160 feet of the west one-half of lot 32—not the land we have in question.

4. A Warranty Deed from Roy L. Barnett (not appellant) to Charles E. Jones and Cleo Jones, dated May 14, 1969, recorded April 24, 1970, to lots 31 and 32—not the land we have in question.

5. A Quitclaim Deed from Charles E. Jones and Cleo Jones to appellant dated August 11, 1981, recorded August 20, 1981, to the land we have in question described by metes and bounds as shown in fn. 1.

6. A Quitclaim Deed from Lincoln Land Company, a dissolved corporation, by David Emerson, member of the last Board of Directors of said corporation, to appellant, dated October 13, 1981, recorded October 26, 1981, to the disputed tract described by metes and bounds as shown in fn. 1.

While appellant, in oral argument, asserted that the mayor and town council of Guernsey had actual knowledge of his adverse possession and that of his predecessors, at the time of the quiet title action brought by appellee Town, not one word to that effect appears in the record nor did appellant offer proof that such was the case. Appellant also argued actual possession, but there is nothing in the record to show that. The supreme court will not consider any matter upon which the record is silent. *Mountain Fuel Supply Co. v. Emerson,* Wyo., 578 P.2d 1351 (1978).

■ There is no merit to appellant's claim that appellee failed to properly plead the affirmative defense of res judicata. While Rule 8(c), W.R.C.P., specifically requires that res judicata be pleaded, there can be no doubt that the answer set out the affirmative defense without using the specific latin words "res judicata" meaning "the thing has been adjudicated." This was made clear by attachment of a copy of the decree quieting title in the appellee to the same land to which appellant is trying to quiet title.

Rule 8(e), W.R.C.P., provides only that the allegations of a pleading be "simple, concise and direct" without any requirement for "technical forms." Fair notice is the prerequisite. *Guggenmos v. Tom Searl-Frank McCue, Inc.,* Wyo., 481 P.2d 48 (1971). The allegations adequately gave fair notice that appellee was defending on the basis that the land title had already been settled as between the parties to this action in another proceeding.

■ Res judicata is the term applied to the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies; and, as to them, it constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Matchett v. Rose,* 36 Ill. App.3d 638, 344 N.E.2d 770, 779 (1976). The sum and substance of the whole rule is that a matter once judicially decided is finally decided. *Massie v. Paul,* 263 Ky. 183, 92 S.W.2d 11, 14 (1936). It is a doctrine of universal law diffused through every well-regulated system of jurisprudence. It is a public policy principle arising through the

necessity and interest of society that there be an end to litigation. *Rubeling v. Rubeling,* Wyo., 406 P.2d 283 (1965).

With these guiding torchs, we enter the issue as to whether the appellant is barred by the 1980 adjudication. In that action there was a court of competent jurisdiction (the same one as here), the subject matter (described land) was the same, the cause (quiet title) was the same. The only real question is whether the appellant to the action in the case now before us was one of the parties before the court in the 1980 action, as "any other person claiming an interest in the subject matter of this action."

An action to quiet title is authorized by statute, § 1–32–201 W.S. 1977:

"An action may be brought by a person in possession of real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining the adverse estate or interest. The person bringing the action may hold possession himself or by his tenant."

The burden of explaining the plaintiff's adverse possession is cast upon the person who disputes that claim. *Meyer v. Ellis,* Wyo., 411 P.2d 338 (1966). The purpose for which a statutory action to quiet title is brought is to determine adverse claims to real property to secure repose and put at rest in one comprehensive action all adverse and conflicting claims, to fix the status of the land with respect to ownership and to establish by decree a muniment of title to it. 74 C.J.S., Quieting Title § 6, pp. 16–17.

In order to accomplish the purposes of an action to quiet title, there must be some means whereby the finality sought is real and has the stability intended. To that end Rule 4(e), W.R.C.P., provides for service by publication. Authority to obtain such service upon unknown persons is found in Rule 4(i), W.R.C.P. A measure of protection for such unknown persons is furnished by § 1–16–402, W.S. 1977,[2] which allows a party against whom a judgment or order has been rendered without service other than by publication in a newspaper to have the same opened and permits him to defend within six months after the date of the judgment or order. Section 1–16–401, W.S. 1977, authorizes reopening for other reasons, including fraud in obtaining the judgment, but the proceeding must be initiated within two years after judgment is rendered. Other relief is afforded by Rule 60, W.R.C.P. The time has now expired for pursuing those courses, if indeed they were applicable.

In any event, because the identity of the land in this action is the same as that in the 1980 action, appellant is now recognized as one of the unknown defendants against whom the 1980 action was directed. The purpose of the 1980 action was to settle the adverse claims of appellant and appellee; that same purpose is the object of the action now before us. We, therefore, must conclude that the 1980 decree is a final, valid determination on the merits and is conclusive for the parties to that action as to the matters adjudged and those which should have then been litigated. *Roush v. Roush,* Wyo., 589 P.2d 841 (1979). The doctrine of res judicata bars the appellant's action.

We need not consider the doctrine of collateral estoppel nor any question of privity of appellant with the Lincoln Land Company. Application of the doctrine of res judicata is dispositive.

Affirmed.

**2.** Section 1–16–402, W.S. 1977:

"A party against whom a judgment or order has been rendered without service other than by publication in a newspaper may have the same opened and be allowed to defend within six (6) months after the date of the judgment or order. Before the judgment or order can be opened, the applicant shall give notice to the adverse party of his intended application, file a full answer to the petition, pay all costs if the court requires them to be paid and make it appear to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. Each party may present affidavits."