Guillaume DELGUE, Appellant
(Defendant),

v.

Alvina CURUTCHET, Appellee
(Plaintiff).

Florence BORDARRAMPE, Executrix of
the Estate of Peter Bordarrampe, Flor-
ence Bordarrampe, and Dean Smith,
Appellants (Plaintiffs),

v.

Alvina CURUTCHET, a/k/a Mrs.
Arnaud Curutchet, Appellee
(Defendant).

Nos. 5831, 5832.

Supreme Court of Wyoming.

Jan. 31, 1984.

Rehearing Denied March 6, 1984.

Henry A. Burgess and Hayden F. Heaphy, Jr., of Burgess & Davis, Sheridan, for appellants.

Lawrence A. Yonkee of Redle, Yonkee & Arney, Sheridan, for appellee.

Before ROONEY, C.J., and RAPER,* THOMAS, ROSE and BROWN, JJ.

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

THOMAS, Justice.

The essential substantive question which is presented by these cases involves the right of a lessee to make use of an appurtenant easement established by prescription in favor of the lands which he is leasing. In order to resolve this essential substantive question the court must first concern itself with whether the related doctrines of res judicata and collateral estoppel preclude an attempt by the lessee to establish his right to use of the easement because of language in the judgment establishing the easement which purports to exclude lessees. The trial court ruled that the owner of the dominant estate and her current lessee both were precluded by the prior judgment from attempting to establish the right of the current lessee to make use of the easement. It is our conclusion that the current lessee is not precluded by the prior judgment, and that he has the right to use the appurtenant easement in connection with his lease of the dominant estate. To that extent we shall reverse the district court. We have been unable to discern any rule which permits the owner of the dominant estate to pursue this issue by simply filing a new complaint in the prior action, and consequently, being persuaded that she failed to invoke the jurisdiction of the district court, we shall dismiss her appeal.

The appellant, Bordarrampe, the owner, and Delgue, the current lessee, state the issues in these cases in their joint brief as follows:

"I. The permanent and perpetual right-of-way easement acquired by Florence Bordarrampe is an appurtenant easement running to the benefit of the land, and those persons in lawful possession of the land, including lessees.

"II. The Judgment originally entered in Civil Action Number 4963 was personal to Dean Smith, who sued as a Plaintiff-lessee of Florence Bordarrampe. · The Judgment entered against Smith, that he was not entitled to a prescriptive easement, should not be enforced against the Appellant, Guillaume Delgue, who was not a party to that action, not in privity with Dean Smith, and claims an easement right on a different theory."

The appellee, Curutchet, the owner of the servient estate, has summarized her argument in her statement of the issues as found in her brief, in this way:

"In the action tried in 1976, Florence Bordarrampe contended that her lessee was entitled to use the easement on the Curutchet land. Where this question was directly in issue in the former action and where it was judicially determined, that the easement did extend to a lessee, is that matter conclusively settled by the Judgment rendered September 7, 1976?

"Did the question concerning a lessee's use of the easement become res judicata, which may not be litigated again in a subsequent action between the same parties or their privies, regardless of the form that the issue may have taken in the subsequent actions?"

In late 1974, there occurred a disagreement between neighboring landowners, Alvina Curutchet and Pete and Florence Bordarrampe together with their lessee, Dean H. Smith, over the use of a road which ran across the Curutchet lands from a county road to the lands owned by the Bordarrampes. The Bordarrampe lands had been leased to Dean H. Smith earlier in 1974, and Mrs. Curutchet objected to Smith's use of the road across her land, although it had been used for many years by the Bordarrampes and their predecessors in interest. Mrs. Curutchet advised Mrs. Bordarrampe that Smith could not use the road but would have to use a different road instead, and at that time Mrs. Bordarrampe asserted that Smith had a right to use the road. Thereupon, Mrs. Curutchet padlocked a gate across the road. An action then was brought by the Bordarrampes and Smith, seeking to establish on behalf of the Bordarrampes and Smith a prescriptive easement in their favor over the road across the Curutchet property.

That dispute was resolved by the district court in 1976. The district court found the requisite prescriptive use by the Bordarrampes and their predecessors in interest,

and in its conclusions of law stated in the part pertinent to this dispute:

"V.

"The Plaintiff is entitled to a permanent and perpetual easement across the lands of the Defendant for general social and ranch purposes, generally along the center line of the road as previously described herein.

"VI.

"The easement which the Plaintiff Bordarrampe acquired is limited to use for general ranch purposes by themselves, their employees, suppliers, truckers, or drovers moving livestock belonging to the Bordarrampes, and social purposes relating thereto, and to their successors in title. The easement does not extend to lessees."

The effect of the last sentence of these conclusions of law was to exclude Smith from use of the prescriptive easement.

Pete Bordarrampe had died during the course of the litigation, and his estate was substituted as a party. After the entry of the Findings of Fact and Conclusions of Law, Florence Bordarrampe and Smith filed a Motion for Reconsideration to adjust paragraph VI of the legal conclusions so that it would reflect that the easement extended to "the Bordarrampes, their lessees, * * * and their successors in title." The court denied this motion and entered its final judgment in that litigation. That judgment provided in the part pertinent to these cases as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff, FLORENCE BORDARRAMPE, her successors in title and assigns, and employees, suppliers, social guests, truckers, and drovers of livestock belonging to the Plaintiff or her successors and assigns, but not lessees shall, and do hereby have, a permanent and perpetual easement across the lands of the Defendant, Alvina E. Curutchet, for general ranch and social purposes, the approximate width of a motor vehicle along the center line as described as follows * * *."

None of the parties took an appeal from the 1976 judgment.

After Dean H. Smith's lease expired, the Bordarrampe ranch was leased to the appellant Guilluame Delgue. According to the agreed facts, as expressed in the pleadings now before this court as a part of the record, Delgue used the road in issue to travel across the Curutchet lands to the Bordarrampe lands until early in June of 1982. Mrs. Curutchet then caused a padlocked chain to be placed across the road, making it impossible to use it in connection with the operations of the Bordarrampe ranchlands. She followed this action by filing a suit against Delgue in which she complained of his use of the road; alleged notification to Delgue that he was a trespasser; and sought relief in the form of an injunction restraining Delgue's use of the road during the pendency of the action and permanently thereafter and for compensatory and exemplary damages which were alleged to be $1,000 and $10,000 respectively. Delgue responded by filing an answer and a counterclaim in which he asserted that he had a right to use the easement across the Curutchet lands as a lessee of the Bordarrampe lands. In his counterclaim he sought a decree establishing his right to quiet and peaceful enjoyment of the easement, together with damages caused to him by denial of the right to use the road. In a separate complaint, which was filed approximately a month later in the court file in the prior case, Florence Bordarrampe sought equitable relief and a modification of the earlier judgment on the grounds of mistake or clerical error. Alternatively she prayed for an amendment to the earlier judgment so that it would reflect that it was personal to Dean H. Smith and did not affect the right of any present or future lessees of the Bordarrampe ranchlands to use the easement. In answering this complaint Mrs. Curutchet relied upon the defense of res judicata. She also relied upon the prior judgment in replying to the Delgue counterclaim point-

ing to the restrictive language relating to lessees.

The district court consolidated the two cases, and a hearing was held on September 14, 1982. The parties agreed that the issue essentially was one of law and that the only record necessary for disposition was the record of the proceedings in the earlier action. At the conclusion of the hearing the district court made an oral finding to the effect that the easement established in the prior case was personal to the owners of the Bordarrampe property and would not be extended to include lessees of that property. There followed a formal judgment dismissing the complaint of Florence Bordarrampe and permanently enjoining Delgue from using the road over which the easement had been established or from entering the Curutchet property. It was from this judgment that these appeals have been taken.

■ At the heart of this controversy there can be discerned a confusion on the part of the district court between appurtenant easements and easements in gross. If a prescriptive easement is recognized which is appurtenant to the land the right to use that easement is an indivisible aspect of the right to use the land to which it is appurtenant. That right obviously encompasses lessees from the record owners. Restatement of Property, § 487, comment (f) (1944).

■ The judgment establishing the prescriptive easement in this case contains language that affords the appellant Bordarrampe "her successors in title and assigns * * * but not lessees * * * a permanent and perpetual easement across the lands of the defendant, Alvina E. Curutchet, for general ranch and social purposes * * *." This court has recognized the strong preference in the law to construe an easement as being appurtenant rather than in gross. *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 519 P.2d 972–975 (1974), citing Restatement of Property, § 454, p. 2917 (1944). In the instant case the easement was created by prescription rather than grant, but its purpose was to benefit the legal and equitable owner of the Bordarrampe ranch in connection with the use of her own land. As such, this easement was appurtenant to the Bordarrampe ranch, and was transferred by any conveyance which was efficacious for the purpose of transferring the right of possession to the ranch. The transferee would acquire as a part of the right of possession of the ranch the right to use the easement to the extent that it was established by the prior judgment. *Weber v. Johnston Fuel Liners, Inc.*, supra; 2 American Law of Property, § 871, p. 282–283 (1952); and Restatement of Property, § 487 and comment (c) (1944). The judgment specifically recognized successors in title and assigns as among those entitled to the benefit of the appurtenant easement, and the attempt in the initial judgment to prohibit lessees from use of the prescriptive easement was erroneous. Mrs. Curutchet says, however, that in any event, including that of an erroneous judgment, this action by Delgue is foreclosed by either the doctrine of res judicata or the doctrine of collateral estoppel.

We then pause to note the preclusive effects afforded to prior judgments both as to claims and as to issues as outlined in Restatement (Second) of Judgments, § 17, p. 148 (1982), as follows:

"§ 17. Effects of Former Adjudication—General Rules

"A valid and final personal judgment is conclusive between the parties, except on appeal or other direct review, to the following extent:

"(1) If the judgment is in favor of the plaintiff, the claim is extinguished and merged in the judgment and a new claim may arise on the judgment (see § 18);

"(2) If the judgment is in favor of the defendant, the claim is extinguished and the judgment bars a subsequent action on that claim (see § 19);

"(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in a subsequent action between them on the same or a different claim, with respect to any issue actually litigated and deter-

mined if its determination was essential to that judgment (see § 27)."

The Restatement sections which are referenced in § 17 read as follows:

"§ 18. Judgment for Plaintiff—The General Rule of Merger

"When a valid and final personal judgment is rendered in favor of the plaintiff:

" "(1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and

"(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action."

"§ 19. Judgment for Defendant—The General Rule of Bar

"A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim."

"§ 27. Issue Preclusion—General Rule

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

In this instance we find that the prior judgment was in favor of the plaintiffs to the extent of the establishment of the prescriptive easement, but it was in favor of the defendant with respect to the right of lessees to take advantage of the prescriptive easement. It follows from the summary of the law set forth above that to the extent that the prior judgment established the easement it represented a merger of the claim of Mrs. Bordarrampe to that easement in the judgment, but to the extent that the use of the easement was denied to the lessees it represented the extinguishment of a claim leading to the bar of a subsequent action on that claim. The inherent inconsistency in this judgment is obvious.

Considering the appellant Delgue, it is clear that of the parties involved in the

prior litigation he is in privity only with Mrs. Bordarrampe. In presenting his counterclaim it was not his intention to relitigate the claim to an easement, but he simply sought to establish his right to the benefit of the appurtenant easement. This is not the same claim as that presented by Mrs. Bordarrampe, and conceptually it is not barred by the doctrine of res judicata. If there is a preclusive effect with respect to Delgue, since his counterclaim presents a different claim from that of Mrs. Bordarrampe in the initial action, it must be because of the doctrine of collateral estoppel.

In this jurisdiction the doctrine of res judicata and the related doctrine of collateral estoppel have been recognized in a number of decisions over the years. *Barrett v. Town of Guernsey*, Wyo., 652 P.2d 395 (1982); *Roush v. Roush*, Wyo., 589 P.2d 841 (1979); *Bard Ranch Company v. Weber*, Wyo., 557 P.2d 722 (1976); *Blount v. City of Laramie*, Wyo., 510 P.2d 294 (1973); *Knight v. Boner*, Wyo., 459 P.2d 205 (1969); *Rubeling v. Rubeling*, Wyo., 406 P.2d 283 (1965); *Lee v. Brown*, Wyo., 357 P.2d 1106 (1960); *Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670 (1935), reh. denied 49 Wyo. 296, 54 P.2d 814 (1936); and *Cook v. Elmore*, 27 Wyo. 163, 192 P. 824 (1920). See also *Price v. Bonnifield*, 2 Wyo. 80 (1878). As recognized in this state, these doctrines incorporate a universal precept of common-law jurisprudence to the effect that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979), quoting from *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). These doctrines are founded upon the interest held by society in having differences conclusively resolved in a single action thereby avoiding the vexation and expense which are associated with piecemeal litigation. The necessity for sustaining this social interest is the justification for the doctrines of res judica-

ta and collateral estoppel. *Montana v. United States*, supra, 440 U.S. at 153–154, 99 S.Ct. at 973–74; *Barrett v. Town of Guernsey*, supra, 652 P.2d at 398–399; and *Rubeling v. Rubeling*, supra, 406 P.2d at 284. These doctrines, which inhibit the relitigation of claims or issues upon which there has been a full and fair opportunity to litigate in a court of competent jurisdiction, promote the reliance by citizens of the state upon courts to settle their disputes and they conserve judicial resources.

The interest served by both doctrines is essentially the same, but courts, including this court, have been careful to distinguish between the two. Res judicata can be described generally as that rule which precludes the presentation by parties or those in privity with them of the same claim that was resolved by an earlier judgment. *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877); *Bard Ranch Company v. Weber*, supra, 557 P.2d at 727; *Willis v. Willis*, supra, 49 P.2d at 673; and Restatement (Second) of Judgments, § 17 (1982). The effect of collateral estoppel is that of preventing relitigation of issues which were involved actually and necessarily in the prior action between the same parties. *Roush v. Roush*, supra, 589 P.2d at 843; *Bard Ranch Company v. Weber*, supra, 557 P.2d at 726–727; *Willis v. Willis*, supra, 49 P.2d at 673–677; and Restatement (Second) of Judgments, § 27 (1982).

Here the appellants urge upon the court the proposition that there still is open the issue of whether a lessee is entitled to the benefit of the easement in the road across the Curutchet ranch because Delgue was not a party in the original case, and he has proceeded with the presentation of a different claim from that asserted by the Bordarrampes in the prior action. The appellee, however, argues that the issue of utilization of the easement by a lessee actually and necessarily was before the court in the prior action and that the doctrine of res judicata (collateral estoppel) inhibits the Delgue counterclaim. It is our holding that res judicata does not prohibit this counterclaim by Delgue, and furthermore,

the doctrine of collateral estoppel does not prevent him from asserting his counterclaim.

The initial action established, according to *Weber v. Johnston Fuel Liners, Inc.*, supra, 519 P.2d at 975, citing Restatement of Property, § 454, p. 2917 (1944), a prescriptive easement in Mrs. Bordarrampe which is an appurtenant easement rather than an easement in gross. Specifically the language in the judgment created an appurtenant easement in accordance with the strong preference in the law to that end. While there appears to be some argument as to the propriety of that aspect of the judgment inhibiting use by lessees, we are satisfied that the rules of law are clear that an appurtenant easement is available to any possessor of the dominant estate, including lessees, and that the attempt by the district court in the earlier judgment to limit the easement and prevent its utilization by lessees is erroneous.

The real question with respect to the appellant Delgue then is whether he is foreclosed by the doctrine of collateral estoppel from raising the question in his counterclaim. Succinctly, the issue is whether that matter was actually and necessarily before the district court in connection with the claim of the Bordarrampes for a prescriptive easement. In *Willis v. Willis*, supra, 49 P.2d at 673–677, Justice Blume, writing for the court, stated the significant limitation upon the doctrine of collateral estoppel which is the requirement that the determination of the issue sought to be precluded must have been necessary or essential to the disposition reflected in the earlier judgment. In Restatement (Second) of Judgments, § 27, comment (h), p. 258 (1982), the proposition is stated as follows:

"If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an

appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation."

See also *Roush v. Roush,* supra, 589 P.2d at 844; and *Bard Ranch Company v. Weber,* supra, 557 P.2d at 727–728.

 With respect to the claim of the Bordarrampes for a prescriptive easement, the presence or absence of a lessee is not a fact material to their claim. It is true that the use of the claimed easement by a tenant could be tacked to the use by the Bordarrampes in determining whether the prescriptive use existed over the requisite period of the statute of limitations. *Murray v. Fuller,* 82 Cal.App.2d 400, 186 P.2d 157 (1947); *Gregory's Inc. v. Baltim,* 142 Conn. 296, 113 A.2d 588 (1955); *Deregibus v. Silberman Furniture Co.,* 121 Conn. 633, 186 A. 553, 105 A.L.R. 1183 (1936); *Benson v. Fekete,* Mo., 424 S.W.2d 729 (1968); *Te Selle v. Storey,* 133 Mont. 1, 319 P.2d 218 (1957); *Rosenblatt v. Kizell,* 105 N.H. 59, 192 A.2d 613 (1963); *Feldman v. Knapp,* 196 Or. 453, 250 P.2d 92 (1952); and *Shellow v. Hagen,* 9 Wis.2d 506, 101 N.W.2d 694 (1960). By the same token it is clear that the lessee, Smith, could not have established a prescriptive easement for himself over the Curutchet lands because any use by him would have to be incidental to his lease from the Bordarrampes. *Deregibus v. Silberman Furniture Co.,* supra. This rule would support the conclusion of the court in the earlier judgment to the extent that it reflects that Smith did not have a prescriptive right of his own. Because the use by the lessee was not material to the Bordarrampes' claim, we now hold that Delgue was not estopped by the prior judgment from bringing his counterclaim against Curutchet.

 Even conceding for purposes of argument that that issue was necessary and essential to the prior judgment, we still find exceptions in the law which indicate that preclusive effect should not be given to the prior judgment. We initiate this proposition by noting the premise that "justice must satisfy the appearance of justice." *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954). In Currie, Civil Procedure: The Tempest Brews, 53 Cal.L.Rev. 25, 37 (1965), the author asserts that "no legal principle, perhaps least of all the principle of collateral estoppel, should ever be applied to work injustice." See also *Parklane Hosiery Company, Inc., v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Lundeen v. Hackbarth,* 285 Minn. 7, 171 N.W.2d 87 (1969); *City of Plainfield v. Public Service Electric and Gas Company,* 82 N.J. 245, 412 A.2d 759 (1980); *State Farm Fire and Casualty Company v. Century Home Components, Inc.,* 275 Or. 97, 550 P.2d 1185 (1976); *Henderson v. Bardahl International Corporation,* 72 Wash.2d 109, 431 P.2d 961 (1967); and Restatement (Second) of Judgments, § 28(2) and § 29(8) (1982). The resolution of this controversy in the trial court falls short of this standard in a substantial way. The injustice lies in providing disparate treatment to lawful possessors of the dominant estate depending upon whether the possessor acquired his right to possession by purchase, inheritance or assignment on one hand, or by leasing the Bordarrampe ranch on the other. There is no suggestion in this action of an attempt to expand upon the nature or extent of use of the prescriptive easement established by the judgment. Delgue is limited to the use of the road in exactly the same way that any other possessor of the Bordarrampe ranchlands would be. While we can appreciate the laudable attempt by the district court to effect a compromise between the parties in the original action, the inherent injustice to the recognized rights of the Bordarrampes with respect to the use of their property and the inconsistency between the exclusion of lessees and the recognition of a perpetual easement subject to assignment require that we reverse the district court.

We note that other courts have recognized that the doctrine of collateral estop-

pel may not be invoked when adherence to the prior decision through preclusion of the issue as a matter of law results in inequitable administration of the law. See *Montana v. United States,* supra, 440 U.S. at 147, 99 S.Ct. at 970; *Marsland v. International Society for Krishna Consciousness,* Hawaii, 657 P.2d 1035 (1983); *City of Plainfield v. Public Service Electric and Gas Company,* supra; *Torres v. Village of Capitan,* 92 N.M. 64, 582 P.2d 1277 (1978); and Restatement (Second) of Judgments, § 28(2) and comment (c), § 29(7), and § 29(8) (1982). Still other courts have denied any preclusive effect to judgments which are inconsistent or ambiguous. *Hardy v. Johns-Manville Sales Corporation,* 681 F.2d 334 (5th Cir.1982); *Henderson v. Bardahl International Corporation,* supra. Preclusion also has been denied in instances in which the judgment relied upon was rendered in circumstances indicating that it was the product of a compromise. *Berner v. British Commonwealth Pacific Airways, Ltd.,* 346 F.2d 532 (2nd Cir.1965), cert. denied 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966); *Lundeen v. Hackbarth,* supra; and Restatement (Second) of Judgments, § 29(5) and comment (g) (1982).

 The difficulties with respect to the prior judgment in this instance are patent and have been noted. Under the circumstance it would seem that the authorities relied upon would justify Mrs. Bordarrampe in seeking a clarification of the judgment in an appropriate proceeding. We have not been able to identify any rule of this court which justifies the manner in which she attempted to raise that issue. She simply filed a new complaint in the prior action, and we know of no rule of civil procedure which justifies that. Consequently we conclude that Mrs. Bordarrampe did not appropriately invoke the jurisdiction of the district court. See *Padlock Ranch, Inc. v. Washakie Needles Irr. Dist.,* 50 Wyo. 253, 61 P.2d 410 (1936). Consistently we should refuse jurisdiction over her contentions in this appeal. *White v. Board of Land Commissioners,* Wyo., 595 P.2d 76 (1979); *Ginn v. Parrish,* Wyo.,

362 P.2d 824 (1961). We therefore reverse the judgment as to the appellant Delgue in Civil Case 82–6 Ci–78 in the District Court for the Fourth Judicial District of the State of Wyoming in and for Johnson County, and we remand that case to the district court for further proceedings in accordance with this opinion. We dismiss the appeal in *Bordarrampe v. Curutchet* based upon the attempt to raise the issues in Civil Case 4963 because there was no jurisdiction of the district court invoked by the procedure attempted by Mrs. Bordarrampe.

ROSE, Justice, with whom BROWN, Justice, joins, dissenting.

The judgment rendered in 1976 precludes the relitigation of the issues now raised by appellants—even if they are correct about the law of appurtenant easements. Therefore, I would have affirmed the judgment of the district court.

The finality of judgments is a basic concept in our system of jurisprudence:

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ...' cannot be disputed in a subsequent suit between the same parties or their privies ....' *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. [Citations.] Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. [Citations.] Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. [Citations.] To preclude parties from contesting matters that they have had a

full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

Under the doctrine of collateral estoppel a party is prevented from relitigating issues actually decided against him in a prior suit, where those issues were essential to the earlier judgment. *Willis v. Willis*, 48 Wyo. 403, 49 P.2d 670 (1935), reh. denied 49 Wyo. 296, 54 P.2d 814 (1936). The doctrine applies to preclude relitigation of both issues of law and issues of fact. *United States v. Stauffer Chemical Company*, —— U.S. ——, 104 S.Ct. 575, 78 L.Ed.2d —— (1984).

The 1976 judgment with which this court is concerned in the present case is clear and unequivocal. The prescriptive easement awarded to Bordarrampe does not extend to lessees. It follows, therefore, that the trial court's determination concerning the rights of lessees to use the easement was essential to the judgment. Indeed, the determination was fundamental to the judgment and a proper matter for appeal by Bordarrampe and her lessee at that time. See Restatement of the Law, Judgments 2d, § 27, comment h, p. 258 (1982). Under the authority cited here and in the majority opinion, collateral estoppel should apply to preclude relitigation of this issue finally determined in 1976.

The majority, however, hold that collateral estoppel is not a valid defense in the present case, because the issue of a lessee's right to use the easement was not material to Bordarrampe's claim in the prior case. Whether that issue was material to Bordarrampe's original claim would be relevant to a consideration of the applicability of res judicata. To determine whether collateral estoppel is appropriate, however, the court must focus on the issues actually decided, not the nature of the original claim.

Since the sole question raised by Delgue was previously decided and incorporated into a valid judgment and since he is in privy with one of the parties to that action, it follows for me that the doctrine of collateral estoppel precludes his claim. Bordarrampe's attempt to reopen the matter is precluded for the same reasons.

The majority say that even assuming the issue concerning use of the easement by a lessee were essential to the prior judgment, considerations of justice prevent application of the doctrine of collateral estoppel. I would have held that considerations of justice support the invocation of the doctrine.

The underlying rationale of mutual collateral estoppel [1]—the conclusive resolution of disputes between the same parties—is promoted by its application in this case. *Montana v. United States*, supra, 440 U.S. at 153, 99 S.Ct. at 973. Bordarrampe had a previous opportunity to fully litigate the matter and Delgue's interests were adequately represented in that action. See Vestal, Res Judicata/Preclusion, Ch. 11, F. 3, V–338 (1969). Curutchet, having endured one lawsuit which purported to determine the contours of an easement across her land, had a right to rely on the final, unappealed judgment. While concerns about injustice might prevent application of the doctrine where a nonparty to the prior lawsuit seeks to preclude the relitigation of issues, see *Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the case at bar is not that situation.[2]

---

**1.** Under the mutuality doctrine, collateral estoppel may be invoked only where both parties are bound by the prior judgment. *Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 326–327, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

**2.** The propriety of applying the doctrine of mutual collateral estoppel against the United States government was recently affirmed by the United States Supreme Court in *United States v. Stauffer Chemical Company*, —— U.S. ——, 104 S.Ct. 575, 78 L.Ed.2d —— (1984).

I believe that the majority's application of an exception to the doctrine of collateral estoppel in the present case frustrates the doctrine's purpose of protecting parties from burdensome relitigation and discourages reliance on adjudication to settle disputes. The effect of the court's decision today is to correct, some seven years after entry of the final judgment, a perceived misapplication of the law of appurtenant easements. I find it particularly ironic that the majority holding dismisses Bordarrampe's appeal for lack of jurisdiction and at the same time awards her an adjudicated easement which extends to her lessees. In my opinion, concepts of justice require affirmance of the district court's judgment in this case.